# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 4, 2015 Session

## RASHE MOORE v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**Nos. 0006306, 0006313-0006317     W. Otis Higgs, Jr., Judge**

---

**No. W2013-00674-SC-R11-PC – Filed March 16, 2016**

---

In this post-conviction case, we clarify the appropriate prejudice analysis for ineffective assistance of counsel claims arising from the failure to properly request jury instructions on lesser-included offenses where, as here, the jury was given no option to convict of any lesser-included offense. The jury convicted the petitioner as charged of one count of aggravated burglary and multiple counts of aggravated rape, especially aggravated kidnapping, and aggravated robbery in connection with a home invasion. On direct appeal, the Court of Criminal Appeals affirmed the convictions and declined to address the trial court's failure to instruct the jury on lesser-included offenses because the petitioner's trial counsel did not request the instructions in writing as required by statute. Thereafter, the post-conviction court denied relief. On appeal, a majority of the Court of Criminal Appeals granted a new trial on the especially aggravated kidnapping charges based on ineffective assistance of counsel. We hold that the Court of Criminal Appeals erred in concluding that the petitioner was prejudiced by his trial counsel's failure to request a jury instruction on aggravated kidnapping as a lesser-included offense of especially aggravated kidnapping. We conclude that no reasonable probability exists that a properly instructed jury would have convicted the petitioner of any of his asserted lesser-included offenses instead of the charged offenses. Because the petitioner suffered no prejudice, he did not receive ineffective assistance of counsel as to any of his convictions. We reverse the Court of Criminal Appeals' judgment granting a new trial on the especially aggravated kidnapping charges and reinstate the post-conviction court's judgment denying relief on these convictions. We further hold that the Court of Criminal Appeals properly affirmed the denial of post-conviction relief on the petitioner's other convictions.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed in Part, Reversed in Part**

SHARON G. LEE, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, JEFFREY S. BIVINS, and HOLLY KIRBY, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Rachel E. Willis, Senior Counsel, Criminal Justice Division; Amy P. Weirich, District Attorney General; David Zak, Assistant District Attorney General; and Charles Summers, Assistant District Attorney General, for the appellant, State of Tennessee.

Charles S. Mitchell, Memphis, Tennessee, for the appellee, Rashe Moore.

**OPINION**

**I.**

On the evening of July 21, 1999, Albert Smith was at his house in Memphis, Tennessee, with his friend Deana T. and his eight-year-old son. An older man, later identified as Genore Dancy,[1] forced his way into the house. A younger man, later identified as the petitioner, Rashe Moore, entered the house a few minutes later. Both Mr. Moore and Mr. Dancy were armed with handguns during the home invasion that lasted approximately two hours. They took personal items from Mr. Smith and Deana T. at gunpoint. While Mr. Dancy continued to hold the victims at gunpoint, Mr. Moore ransacked the house.

A short time later, Mr. Smith's roommate arrived at the house with Shauntel K. and Latoya K. They were forced inside at gunpoint. Mr. Moore and Mr. Dancy took various items of personal property from the six victims and then made them strip down to their underwear and lie on the floor of the den.

Mr. Dancy ordered Latoya K. into another room while Mr. Moore held the other victims at gunpoint. Mr. Dancy forced his penis into Latoya K.'s mouth at gunpoint. Mr. Dancy and Latoya K. then returned to the den. Mr. Moore ordered Shauntel K. into another room while Mr. Dancy held the other victims at gunpoint. Mr. Moore forced his penis into Shauntel K.'s mouth at gunpoint. When a pager sounded, Mr. Dancy shot it. Mr. Moore and Shauntel K. then returned to the den. Mr. Moore and Mr. Dancy ordered the six victims into the kitchen, covered them with a sheet as they were lying on the floor,

---

[1] Genore Dancy was convicted in a separate trial of four counts (later merged into two counts) of aggravated rape, five counts of aggravated robbery, seven counts of especially aggravated kidnapping, and one count of aggravated burglary. *State v. Dancy*, No. W2001-02451-CCA-R3-CD, 2003 WL 402788, at *1 (Tenn. Crim. App. Feb. 18, 2003). He was sentenced to 150 years. *Id.* At Mr. Dancy's trial, two victims, who also testified at Mr. Moore's trial, identified Mr. Dancy as the first man to enter the house. *Id.* Although Mr. Dancy was not identified by name at Mr. Moore's trial, we use his name in this opinion for clarity.

and bound their hands and feet with duct tape. Mr. Dancy then ordered Deana T. into another room, where he forced his penis into her vagina.

While the victims were lying on the kitchen floor, a friend of Mr. Smith's roommate arrived at the house and was ordered inside at gunpoint. Mr. Moore and Mr. Dancy pulled the man's shirt over his head, took his keys and money, pulled his pants down to his ankles, bound his hands, and put him under the sheet with the other six victims.

Additional intruders entered the house. Four or five intruders took Deana T. from the kitchen with a pillowcase on her head. One intruder forced his penis into her mouth, and then another intruder repeated this act. The intruders removed the duct tape from her ankles and then vaginally raped her. When Mr. Moore, Mr. Dancy, and the other intruders left, they took with them the victims' personal property and various items from Mr. Smith's house.

Deana T., Mr. Smith, and Shauntel K. identified Mr. Moore in a photo lineup. At the trial in February 2002, four victims—Deana T., Mr. Smith, Shauntel K., and Latoya K.—identified Mr. Moore as the younger man who, armed with a handgun, entered the house, took valuable items from the victims, bound seven victims and forced them to lie under a sheet on the kitchen floor, raped Shauntel K. at gunpoint, and held a gun on the victims while Mr. Dancy raped Latoya K. and Deana T. and while other intruders then raped Deana T. Mr. Smith and Deana T. testified that Mr. Moore appeared to be a willing participant in the events of July 21, 1999.

Mr. Moore presented an alibi defense. He testified that he was at a club with his girlfriend on the evening of July 21, 1999, and was not involved in the home invasion. He did not deny that any of the events occurred, just that he was not present.

At the close of proof, the trial court announced its decision not to instruct on any lesser-included offenses because Mr. Moore did not contest that the offenses occurred but denied his involvement, testifying that he was elsewhere at the time of the home invasion. Mr. Moore's attorney then orally requested the trial court to instruct the jury on facilitation as a lesser-included offense for the aggravated rapes of Latoya K. and Deana T. The trial court denied the request, explaining that no factual basis supported a jury instruction for facilitation, or any other lesser-included offense, based on the evidence. The trial court stated, "I think it's an all or nothing defense that has been presented." The jury convicted Mr. Moore as charged of six counts (later merged into three counts) of aggravated rape, five counts of aggravated robbery, seven counts of especially aggravated kidnapping, and one count of aggravated burglary. Mr. Moore received an effective sentence of ninety-nine years.

3

The Court of Criminal Appeals affirmed the judgment of the trial court. *State v. Moore*, No. W2002-01195-CCA-R3-CD, 2003 WL 22888881, at \*11 (Tenn. Crim. App. Dec. 3, 2003). Mr. Moore argued, among other things, that the trial court erred in failing to instruct the jury on the applicable lesser-included offenses, including facilitation for the aggravated rape charges regarding Latoya K. and Deana T. and false imprisonment for the especially aggravated kidnapping charges. *Id.* at \*8. The Court of Criminal Appeals held that Mr. Moore waived this issue by failing to make a written request for jury instructions on the lesser-included offenses. *Id.* The Court of Criminal Appeals pointed to a 2002 statutory amendment providing that, unless a defendant makes a written request for lesser-included offense instructions, a trial judge's failure to instruct the jury on lesser-included offenses cannot be presented as a ground for relief on appeal. *Id.* (citing Tenn. Code Ann. § 40-18-110(c) (Supp. 2002)). The Court of Criminal Appeals did not review the issue for plain error. *See State v. Page*, 184 S.W.3d 223, 230 (Tenn. 2006) ("Although section 40-18-110(c) precludes a defendant from raising the trial court's failure to instruct on lesser-included offense instructions not requested in writing, appellate courts are not precluded from sua sponte reviewing this issue under the plain error doctrine."). We denied Mr. Moore's application for permission to appeal.

Thereafter, Mr. Moore filed a petition for post-conviction relief. The post-conviction evidentiary hearing focused on his allegation that trial counsel was ineffective for failing to properly request jury instructions on lesser-included offenses.

Trial counsel testified that Mr. Moore consistently maintained that he was at a club with his girlfriend on July 21, 1999, and not at Mr. Smith's house. Mr. Moore claimed at trial that the victims had misidentified him. When the case was tried, trial counsel was not aware of the amendment to Tennessee Code Annotated section 40-18-110, requiring requests for jury instructions on lesser-included offenses to be in writing. *See* Tenn. Code Ann. § 40-18-110(a) (Supp. 2002). The amendment requiring written requests went into effect on January 1, 2002. *See* Act of May 24, 2001, ch. 338, §§ 1-2, 2001 Tenn. Pub. Acts 708, 709 (codified as amended at Tenn. Code Ann. § 40-18-110 (2012)). The trial began just over a month later on February 11, 2002. The prior version of the statute had placed a duty on trial judges to instruct on all lesser-included offenses supported by the evidence, whether or not requested by the defendant. *See Page*, 184 S.W.3d at 229 (citing *Strader v. State*, 362 S.W.2d 224, 228 (Tenn. 1962)).

Trial counsel doubted that the outcome at trial would have been different had the trial judge instructed the jury on any lesser-included offenses. Trial counsel testified that "in reality the jury was going to believe [Mr. Moore] was there and participated in these things, or they weren't." In trial counsel's opinion, the case was not about lesser-included offenses. On cross-examination, however, trial counsel clarified that he thought the record was adequate for an appellate court to review the trial judge's refusal to instruct on any lesser-included offenses. Explaining that this trial judge routinely

4

refused to instruct on lesser-included offenses when the evidence supported the charged offense, trial counsel gave this example of what the trial judge might say: "You want the jury to believe that this witness who said she was raped at gunpoint, that somehow she wasn't raped at gunpoint, when that wasn't your defense? No, that would be ludicrous, we are not charging it." Then, attempting to justify his failure to request instructions on lesser-included offenses, trial counsel added, "So you didn't argue. I made my record and I didn't argue." Trial counsel knew that appellate courts had sent cases back to this trial judge because of instructional error under the prior version of Tennessee Code Annotated section 40-18-110(a). *See, e.g.*, *State v. Cox*, No. W2000-02238-CCA-R3-CD, 2001 WL 1584133, at *4 (Tenn. Crim. App. Nov. 29, 2001) (holding that this trial judge committed reversible error by failing to instruct on theft as a lesser-included offense of robbery); *State v. Hughes*, No. W1999-00360-CCA-R3-CD, 2001 WL 91736, at *13-14 (Tenn. Crim. App. Jan. 26, 2001) (holding that this trial judge's failure to instruct on attempted voluntary manslaughter as a lesser-included offense of attempted second degree murder was plain error and not harmless beyond a reasonable doubt). Trial counsel had raised the lesser-included offense issue in the motion for new trial, alleging that "the Court erred by failing to charge lesser[-]included offenses, where the evidence adduced at trial was such that lesser[-]included offense instructions were necessary to a fair trial[.]" Because trial counsel was not aware of the amendment to Tennessee Code Annotated section 40-18-110, he mistakenly thought that Mr. Moore could allege trial court error based on the omission of lesser-included offense instructions that were not requested in writing.

The post-conviction court ruled that the trial court had denied the request for jury instructions on lesser-included offenses on its merits, not because trial counsel had failed to make a written request. The post-conviction court stated, "There is additionally no evidence to suggest that the trial court would have granted [Mr. Moore's] motion for any additional lesser[-]included offenses had [trial counsel] filed a written motion." The post-conviction court found that the lesser-included offense instructions were irrelevant to the defense presented by Mr. Moore. The post-conviction court concluded that Mr. Moore failed to show that, but for trial counsel's failure to make a written request for jury instructions on lesser-included offenses, the outcome of his case would have been different.

The Court of Criminal Appeals reversed the post-conviction court's judgment on Mr. Moore's convictions for especially aggravated kidnapping, but affirmed the judgment in all other respects. *Moore v. State*, No. W2013-00674-CCA-R3-PC, 2014 WL 8772276, at *13 (Tenn. Crim. App. Apr. 22, 2014). In granting Mr. Moore a new trial on the especially aggravated kidnapping charges, the Court of Criminal Appeals reasoned that "trial counsel's failure to file a written motion requesting instructions prejudiced [Mr. Moore] because if the written motion had been filed, even if it was denied, [the Court of Criminal Appeals] would have reviewed the issue on the merits on direct appeal

and concluded that the trial court's refusal to instruct the jury on aggravated kidnapping was reversible error." *Id.* at \*10, \*13. Concurring in part and dissenting in part, Judge Roger Page agreed with the majority except as to granting a new trial for the especially aggravated kidnapping charges. *Id.* at \*13 (Page, J., concurring in part and dissenting in part). Judge Page determined that, based on the evidence at trial, the trial court's failure to instruct the jury on aggravated kidnapping was harmless beyond a reasonable doubt, and Mr. Moore therefore suffered no prejudice on his ineffective assistance of counsel claim regarding the convictions for especially aggravated kidnapping. *Id.*

The State sought permission to appeal the Court of Criminal Appeals' decision overturning Mr. Moore's especially aggravated kidnapping convictions. Mr. Moore sought permission to appeal the Court of Criminal Appeals' decision affirming the denial of post-conviction relief on the rest of his convictions. We granted the parties' applications to clarify the appropriate prejudice analysis for ineffective assistance of counsel claims arising from the failure to properly request jury instructions on lesser-included offenses where, as here, the jury was given no option to convict of any lesser-included offense.

## II.

### A.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee individuals the right to effective assistance of counsel in criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)); *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006) (citing *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The Post-Conviction Procedure Act, *see* Tenn. Code Ann. §§ 40-30-101 to -122 (2012), provides for relief when a conviction or sentence is void or voidable because of the abridgment of a right guaranteed by the United States Constitution or the Tennessee Constitution. *Id.* § 40-30-103. The deprivation of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act. *Mobley v. State*, 397 S.W.3d 70, 79-80 (Tenn. 2013) (citing *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that counsel's deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 687; *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990)). If either the performance or prejudice prong of the *Strickland* test is not met, then a court need not consider the other. *Goad*, 938 S.W.2d at 370 (citing *Strickland*, 466 U.S. at 697).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing *Burns*, 6 S.W.3d at 461). A post-conviction petitioner must prove the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). A post-conviction court's factual findings are conclusive on appeal unless the record preponderates against them. *Fields*, 40 S.W.3d at 456 (citing *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996)); *see also* Tenn. R. App. P. 13(d). A post-conviction court's conclusions of law—such as whether counsel's performance was deficient and whether that deficiency was prejudicial—are reviewed under a purely de novo standard with no presumption of correctness given to the trial court's conclusions. *Fields*, 40 S.W.3d at 458.

**B.**

In this case, the alleged ineffective assistance arises from trial counsel's failure to properly request jury instructions on lesser-included offenses. The first question we address is whether trial counsel's failure to make a written request for lesser-included offense instructions constitutes deficient performance. To establish deficient performance, a petitioner must demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Counsel's performance is not deficient if the advice given or the services rendered "are within the range of competence demanded of attorneys in criminal cases." *Baxter*, 523 S.W.2d at 936; *see also Strickland*, 466 U.S. at 687 (stating that the "proper standard for attorney performance is that of reasonably effective assistance"). Strategic decisions of counsel are given deference but only when such choices are informed ones based upon adequate preparation. *Goad*, 938 S.W.2d at 369 (citing *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982); *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992)).

The State conceded that trial counsel's lack of knowledge regarding the necessity of making a written request for lesser-included offense instructions was deficient. *Moore*, 2014 WL 8772276, at *4. Failing to request lesser-included offense instructions will not constitute deficient performance, however, if the decision was a matter of strategy. *See Goad*, 938 S.W.2d at 369. In this case, trial counsel had a two-part strategy: (1) at trial, present an alibi defense; and (2) in the motion for new trial, allege trial court error based on the failure to instruct on any lesser-included offenses. Choosing not to request lesser-included offense instructions appears to be consistent with an all or nothing defense based on Mr. Moore's alleged alibi. However, this was only the first part of trial counsel's strategy. In making our deficient performance inquiry, we also must evaluate the second part of trial counsel's strategy.

Notwithstanding the alibi defense, Mr. Moore had a constitutional right to lesser-included offense instructions warranted by the proof. *See State v. Allen*, 69 S.W.3d

7

181, 188 (Tenn. 2002) ("The evidence, not the theories of the parties, controls whether an instruction is required."); *State v. Ely*, 48 S.W.3d 710, 726-27 (Tenn. 2001) (holding that a trial court's obligation to instruct on *all* lesser-included offenses, when supported by the evidence, derived not only from statute, but more importantly from article I, section 6 of the Tennessee Constitution).[2]  Trial counsel mistakenly thought that Tennessee Code Annotated section 40-18-110 still required the trial court to give the jury these lesser-included offense instructions, whether or not requested in writing by Mr. Moore. *See* Tenn. Code Ann. § 40-18-110(a) (1997) ("It is the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so.").  Trial counsel did not know about the statute's amendment, effective approximately one month prior to Mr. Moore's trial, requiring a written request for lesser-included offense instructions.  *See id.* § 40-18-110(a) (Supp. 2002) ("When requested by a party in writing prior to the trial judge's instructions to the jury in a criminal case, the trial judge shall instruct the jury as to the law of each offense specifically identified in the request that is a lesser[-]included offense of the offense charged in the indictment or presentment.").  In addition, trial counsel was not aware of the amendment requiring a written request to avoid waiver of the issue.  *See id.* § 40-18-110(c) ("Notwithstanding any other provision of law to the contrary, when the defendant fails to request the instruction of a lesser[-]included offense as required by this section, such instruction is waived.").  Finally, because of a lack of knowledge about the amendment, trial counsel improperly presented the lesser-included offense instruction issue in the motion for new trial.  *See id.* ("Absent a written request, the failure of a trial judge to instruct the jury on any lesser[-]included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.").

Trial counsel's decision to forego requesting instructions on any lesser-included offenses, except facilitation, was not an informed choice based upon adequate preparation.  *See Goad*, 938 S.W.2d at 369 (citing *Hellard*, 629 S.W.2d at 9; *Cooper*, 847 S.W.2d at 528) (stating that "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation").  We therefore conclude that trial counsel performed deficiently by failing to properly request jury instructions on lesser-included offenses.

## C.

Having determined that trial counsel's performance was deficient, the second question is whether this deficiency resulted in prejudice.  To establish prejudice, a

---

[2] Article I, section 6 provides in pertinent part that "the right of trial by jury shall remain inviolate[.]"  Tenn. Const. art. I, § 6.

petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Goad*, 938 S.W.2d at 370. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. For ineffective assistance of counsel claims arising from the failure to properly request lesser-included offense instructions, the prejudice inquiry assesses whether a reasonable probability exists that a properly instructed jury would have convicted the petitioner of the lesser-included offense instead of the charged offense. *Pylant*, 263 S.W.3d at 869 (citing *State v. Zimmerman*, 823 S.W.2d 220, 224 (Tenn. Crim. App. 1991)). The plurality opinion in *Bryant v. State*, 460 S.W.3d 513, 527-28 (Tenn. 2015), incorrectly referred to what a reasonable jury "could" have done rather than "would" have done. We overrule any language in *Bryant* that suggests that the proper inquiry for assessing prejudice is whether a jury "could" have convicted the petitioner of the lesser-included offense instead of the charged offense.[3]

In assessing whether the jury would have convicted a petitioner of a lesser-included offense instead of the charged offense, the analytical framework for the prejudice inquiry at post-conviction mirrors the harmless error inquiry on direct appeal. *See State v. Richmond*, 90 S.W.3d 648, 662 (Tenn. 2002) ("[I]n deciding whether it was harmless beyond a reasonable doubt not to charge a lesser-included offense, the reviewing court must determine whether a reasonable jury *would* have convicted the defendant of the lesser-included offense instead of the charged offense."). In determining whether a reasonable jury would have convicted the defendant of the lesser-included offense instead of the charged offense, courts should apply either the analysis set forth in *State v. Williams*, 977 S.W.2d 101 (Tenn. 1998), or that adopted in *Allen*, 69 S.W.3d at 191. *See State v. Locke*, 90 S.W.3d 663, 675 (Tenn. 2002) (noting that harmless error is not limited to *Williams*-type cases and citing *Allen* as the alternative analysis). We previously have described the two approaches as (1) the analysis set forth in *Williams* and (2) the determination of whether the jury would have convicted the defendant of the lesser-included offense instead of the charged offense. *State v. Banks*, 271 S.W.3d 90, 126 (Tenn. 2008) (citing *Richmond*, 90 S.W.3d at 662, and *Locke*, 90 S.W.3d at 675, for the "second" approach). We clarify that the purpose of the harmless error inquiry is to assess whether the jury would have convicted the defendant of the lesser-included offense instead of the charged offense. This assessment of prejudice is not a separate approach. Rather, the assessment is made by applying either the *Williams* analysis or the *Allen* analysis, depending on the circumstances.

Under the *Williams* analysis, where the jury convicts the defendant of a greater charged offense rather than an immediately lesser offense standing between omitted

_____

[3] The term "could" connotes a possibility, no matter how improbable; whereas, the *Strickland* prejudice prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding *would* have been different." *Strickland*, 466 U.S. at 694 (emphasis added).

lesser-included offenses and the offense for which the defendant was convicted, any error from the omission of jury instructions on these other asserted lesser-included offenses is harmless beyond a reasonable doubt because the jury, by finding the defendant guilty of the greater offense to the exclusion of the immediately lesser offense, necessarily rejected all other lesser-included offenses.[4] *Williams*, 977 S.W.2d at 106. When the *Williams* analysis cannot be used because the jury did not reject the immediately lesser offense, or was given no option to convict of any lesser-included offense, courts should apply the harmless error analysis adopted in *Allen*, 69 S.W.3d at 191. Under the *Allen* analysis, courts "should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury."[5] *Id.* In examining the evidence presented at trial, the harmless error analysis focuses on the distinguishing element between the greater and lesser offenses, the strength of the evidence of the distinguishing element, and the existence of contradicting evidence of the distinguishing element. *See id.* We hereby adopt the *Allen* analysis for ineffective assistance of counsel claims arising from the failure to properly request jury instructions on lesser-included offense instructions where, as here, the jury was given no option to convict of any lesser-included offense.

The lead opinion in *Bryant* referred to a strict approach of reviewing these lesser-included offense issues and suggested that this approach was rejected in all circumstances. *See Bryant*, 460 S.W.3d at 527 (describing a strict approach followed by two panels of the Court of Criminal Appeals as "holding that a defendant can never show prejudice stemming from the failure to charge a lesser-included offense when the defendant has been found guilty of a greater offense"). This reference to a strict approach has caused confusion, and we take this opportunity to resolve any unintended consequences of *Bryant*. A strict approach relying solely on the fact of the conviction for the charged offense would be contrary to *Strickland* because such reasoning, in essence, converts the prejudice inquiry into a sufficiency-of-the-evidence question. *See Crace v.*

---

[4] We need not specifically define the term "immediately lesser offense" in this case because the jury here was given no option to convict Mr. Moore of any lesser offense. We clarify, however, that the term "immediately lesser offense" does not encompass facilitation of the charged offense, attempt to commit the charged offense, or solicitation to commit the charged offense. *See* Tenn. Code Ann. § 40-18-110(f)(2)-(4) (2012) (specifically including facilitation, attempt, and solicitation in the definition of lesser-included offense); *Burns,* 6 S.W.3d at 467 (specifically including the "inchoate offenses" of facilitation, attempt, and solicitation in the definition of lesser-included offense).

[5] The "verdict returned by the jury" factor, although not material on this issue in many cases, was important to the analysis in *Allen* because the jury rejected the charged offense of aggravated robbery and instead convicted the defendant of the lesser-included offense of robbery. *Id.* at 185. In light of the verdict convicting him of robbery and the controverted evidence of his intent, this Court held that the failure to instruct on the asserted lesser-included offense of facilitation of robbery was reversible error. *Id.* at 191-92. The "verdict returned by the jury" factor is not intended to be simply a review of the sufficiency of the evidence.

*Herzog*, 798 F.3d 840, 849, 853 (9th Cir. 2015) (reviewing a decision of the Washington Supreme Court and granting habeas corpus relief); *Breakiron v. Horn*, 642 F.3d 126, 140, 147 (3d Cir. 2011) (reviewing a decision of the Pennsylvania Supreme Court and granting habeas corpus relief).  A strict approach using the *Williams* analysis, however, would not be contrary to *Strickland*.  This type of strict approach does not rely on the fact of the conviction for the charged offense, but instead recognizes that the analytical framework for the prejudice inquiry at post-conviction mirrors the harmless error inquiry on direct appeal and, under some circumstances, such as *Williams*-type cases, prejudice can never be proven.[6]  Moreover, when any error from omitting a particular lesser-included offense instruction is determined to be harmless beyond a reasonable doubt on direct appeal, whether under the *Williams* analysis or the *Allen* analysis, then any asserted deficiency of trial counsel based on failure to request that particular lesser-included offense instruction can never be prejudicial in a post-conviction proceeding.

**D.**

We now apply this prejudice analysis to Mr. Moore's case.  In determining whether a reasonable probability exists that a properly instructed jury would have convicted Mr. Moore of any of his asserted lesser-included offenses instead of the charged offenses, we conduct a thorough examination of the record, including the evidence presented at trial and the theory of defense.  *See Allen*, 69 S.W.3d at 191.  The verdict returned by the jury does not factor into the analysis because the jury here was given no option to convict Mr. Moore of any lesser-included offense.  Moreover, because the issue of any error from omitting lesser-included offense instructions was not addressed on direct appeal and, therefore, not determined to be harmless beyond a reasonable doubt, trial counsel's failure to properly request jury instructions on lesser-included offenses is an appropriate issue for post-conviction review.  When examining the evidence presented at trial, the prejudice analysis focuses on (1) the distinguishing element between the greater and lesser offenses, (2) the strength of the evidence of the distinguishing element, and (3) the existence of contradicting evidence of the distinguishing element.  *See id.*

The Court of Criminal Appeals reviewed the following asserted lesser-included offenses of Mr. Moore's respective convictions:  (1) especially aggravated kidnapping—aggravated kidnapping, kidnapping, false imprisonment, and attempt; (2) aggravated rape—rape, aggravated sexual battery, sexual battery, and facilitation; (3) aggravated robbery—robbery, aggravated assault, assault, theft, attempt, and facilitation; and (4) aggravated burglary—burglary, aggravated criminal trespass, criminal trespass,

---

[6] In this case, we need not determine the broader applicability of a strict approach because the jury was given no option to convict Mr. Moore of any lesser-included offense.

attempt, and facilitation. *Moore*, 2014 WL 8772276, at *7-12. We will address facilitation and attempt at the end of our analysis. We begin with the especially aggravated kidnapping convictions, which the Court of Criminal Appeals reversed based on trial counsel's failure to make a written request for a jury instruction on aggravated kidnapping as a lesser-included offense. *Id.* at *13.

As relevant to the charges against Mr. Moore, especially aggravated kidnapping is false imprisonment "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon[.]" Tenn. Code Ann. § 39-13-305(a)(1) (1997). Aggravated kidnapping is false imprisonment "[w]hile the defendant is in possession of a deadly weapon or threatens the use of a deadly weapon." *Id.* § 39-13-304(a)(5) (1997). For purposes of our analysis, especially aggravated kidnapping and aggravated kidnapping differ in whether the defendant uses a deadly weapon or merely possesses (or threatens to use) a deadly weapon. Overwhelming evidence showed that the perpetrators used deadly weapons by holding the victims at gunpoint. Mr. Moore presented an alibi theory of defense. He did not contest whether the perpetrators used deadly weapons, as opposed to merely possessing them. No reasonable probability exists that a properly instructed jury would have convicted Mr. Moore of aggravated kidnapping instead of especially aggravated kidnapping. Therefore, we hold that the Court of Criminal Appeals erred in concluding that prejudice resulted from trial counsel's failure to properly request a jury instruction on aggravated kidnapping. Because of the overwhelming evidence supporting the deadly weapon element, we also hold that no prejudice resulted from trial counsel's failure to properly request jury instructions on the lesser-included offenses of false imprisonment and kidnapping.[7]

Next, we apply the prejudice analysis to the aggravated rape convictions. As relevant to the charges against Mr. Moore, "armed with a weapon" is the element that distinguishes aggravated rape from rape,[8] as well as aggravated sexual battery from sexual battery.[9] Sexual penetration, as opposed to sexual contact, is the element

---

[7] *See id.* §§ 39-13-302(a) (1997) (defining false imprisonment as "knowingly remov[ing] or confin[ing] another unlawfully so as to interfere substantially with the other's liberty"), 39-13-303(a) (1997) (defining kidnapping as false imprisonment "under circumstances exposing the other person to substantial risk of bodily injury").

[8] *See id.* §§ 39-13-502(a)(1) (1997) (defining aggravated rape, as relevant here, as "unlawful sexual penetration of a victim by the defendant or the defendant by a victim" where "[f]orce or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon"), 39-13-503(a)(1) (1997) (defining rape, as relevant here, as "unlawful sexual penetration of a victim by the defendant or of the defendant by a victim" where "[f]orce or coercion is used to accomplish the act").

[9] *See id.* §§ 39-13-504(a)(1) (1997) (defining aggravated sexual battery, as relevant here, as

12

distinguishing rape from sexual battery.[10]  Overwhelming evidence proved that the victims were sexually penetrated and that the perpetrators were armed with guns.  Mr. Moore did not challenge either of these distinguishing elements, which were not relevant to his alibi defense.  No reasonable probability exists that a properly instructed jury would have convicted Mr. Moore of any of these asserted lesser-included offenses instead of aggravated rape.  Therefore, we conclude that no prejudice resulted from trial counsel's failure to properly request jury instructions on these asserted lesser-included offenses of aggravated rape.

We next address the aggravated robbery convictions.  As relevant to the charges against Mr. Moore, the use of a deadly weapon is the element that distinguishes aggravated robbery from robbery and theft,[11] and aggravated assault from assault.[12]  The taking of property is the element distinguishing robbery from assault.[13]  Overwhelming evidence showed that the perpetrators used deadly weapons and took property from the victims.  Mr. Moore did not contest either of these distinguishing elements, which were not relevant to his alibi defense.  No reasonable probability exists that a properly instructed jury would have convicted Mr. Moore of any of these asserted lesser-included offenses instead of aggravated robbery.  Therefore, we conclude that no prejudice resulted from trial counsel's failure to properly request jury instructions on these asserted lesser-included offenses of aggravated robbery.

---

"unlawful sexual contact with a victim by the defendant or the defendant by a victim" where "[f]orce or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon"), 39-13-505(a)(1) (1997) (defining sexual battery, as relevant here, as "unlawful sexual contact with a victim by the defendant or the defendant by a victim" where "[f]orce or coercion is used to accomplish the act").

[10] *See id.* §§ 39-13-503 (rape), 39-13-505 (sexual battery).

[11] *See id.* §§ 39-13-402(a)(1) (1997) (defining aggravated robbery, as relevant here, as robbery "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon"), 39-13-401(a) (1997) (defining robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear"), 39-14-103(a) (1997) (defining theft of property as "knowingly obtain[ing] or exercis[ing] control over the property without the owner's effective consent" when the defendant acts "with intent to deprive the owner of [the] property").

[12] *See id.* §§ 39-13-102(a)(1)(B) (1997 & Supp. 1999) (defining aggravated assault, as relevant here, as committing an assault when the defendant "[u]ses or displays a deadly weapon"), 39-13-101(a)(2) (1997) (defining assault, as relevant here, as "[i]ntentionally or knowingly caus[ing] another to reasonably fear imminent bodily injury").

[13] *See id.* §§ 39-13-101 (assault), 39-13-401 (robbery).

13

Regarding the conviction for aggravated burglary, the elements distinguishing it from the asserted lesser-included offenses of burglary, aggravated criminal trespass, and criminal trespass are (1) entry into a habitation and (2) intent to commit a felony, theft, or assault.[14] Overwhelming evidence supported these distinguishing elements. Mr. Moore did not contest these distinguishing elements, and they were not part of his theory of defense. No reasonable probability exists that a properly instructed jury would have convicted Mr. Moore of any of these asserted lesser-included offenses instead of aggravated burglary. Therefore, we conclude that no prejudice resulted from trial counsel's failure to properly request jury instructions on these asserted lesser-included offenses of aggravated burglary.

We now address facilitation with respect to the convictions for aggravated rape, aggravated robbery, and aggravated burglary. Facilitation applies when, "knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the [defendant] knowingly furnishes substantial assistance in the commission of the felony." *Id.* § 39-11-403(a) (1997). Specifically, Mr. Moore argues that trial counsel was ineffective regarding the aggravated rapes of Latoya K. and Deana T. For these offenses, the jury convicted Mr. Moore based on his criminal responsibility for Mr. Dancy's conduct as the actual perpetrator, along with the conduct of other intruders on the subsequent aggravated rapes of Deana T.[15] Overwhelming evidence showed that Mr. Moore shared Mr. Dancy's intent in committing the aggravated rapes. Proof that Mr. Moore was the actual perpetrator of the aggravated rape of Shauntel K. showed that he shared the intent required for criminal responsibility for the other aggravated rapes. In addition, overwhelming evidence demonstrated that Mr. Moore shared Mr. Dancy's intent in committing the aggravated burglary and the aggravated robberies, regardless of whether Mr. Moore entered the house after Mr. Dancy. Although trial counsel orally requested an instruction on facilitation for the aggravated rapes of Latoya K. and Deana T., facilitation was not a theory of Mr. Moore's defense. Regarding all of these offenses, no reasonable probability exists that a properly

---

[14] *See id.* §§ 39-14-403(a) (1997) (defining aggravated burglary, as relevant here, as "burglary of a habitation"), 39-14-402(a)(1) (1997) (defining burglary, as relevant here, as entry, "without the effective consent of the property owner," into "a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault"), 39-14-406(a) (1997) (defining aggravated criminal trespass, as relevant here, as "enter[ing] or remain[ing] on property" without the owner's effective consent and where the defendant's presence will cause fear for the safety of another), 39-14-405(a) (1997) (defining criminal trespass, as relevant here, as "enter[ing] or remain[ing] on property" without the owner's effective consent).

[15] *See id.* § 39-11-402(2) (1997) (defining criminal responsibility, as relevant here, as when, "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the [defendant] solicits, directs, aids, or attempts to aid another person to commit the offense").

14

instructed jury would have convicted Mr. Moore of facilitation instead of the charged offenses. Therefore, we conclude that no prejudice resulted from trial counsel's failure to properly request jury instructions on facilitation.

Finally, we analyze attempt with respect to the convictions for especially aggravated kidnapping, aggravated robbery, and aggravated burglary. Criminal attempt applies to situations where the defendant begins or tries to complete a criminal act. *Id.* § 39-12-101(a) (1997). We recently held that "criminal attempt is available as a lesser-included offense of any charged offense in every case in which: (1) the charged offense has a requisite intent element; and (2) the proof has fairly raised the completed offense." *State v. Thorpe*, 463 S.W.3d 851, 863 (Tenn. 2015). Overwhelming evidence proved that the charged offenses were completed, and not just attempted. Mr. Moore did not contest that the offenses were completed. Attempt was not a theory of his defense. With regard to all of these offenses, no reasonable probability exists that a properly instructed jury would have convicted Mr. Moore of attempt instead of the charged offenses. Therefore, we conclude that no prejudice resulted from trial counsel's failure to properly request jury instructions on attempt.

In reviewing an ineffective assistance of counsel claim, we reach the same result regardless of whether, as the record here suggests, the trial court would have refused to give properly requested instructions on lesser-included offenses. Omitting lesser-included offense instructions was harmless beyond a reasonable doubt because the jury, if given the opportunity, would not have convicted Mr. Moore of any of the asserted lesser-included offenses instead of the charged offenses. Because omitting these lesser-included offense instructions was harmless beyond a reasonable doubt, any deficiency of trial counsel resulting in the absence of these instructions cannot be prejudicial.

## III.

We conclude that no reasonable probability exists that a properly instructed jury would have convicted Mr. Moore of any of his asserted lesser-included offenses instead of the charged offenses. Because Mr. Moore suffered no prejudice, he did not receive ineffective assistance of counsel as to any of his convictions. We hold that the Court of Criminal Appeals erred in concluding that prejudice resulted from trial counsel's failure to request a jury instruction on aggravated kidnapping as a lesser-included offense of especially aggravated kidnapping. We therefore reverse the Court of Criminal Appeals' judgment granting a new trial on the especially aggravated kidnapping charges and reinstate the post-conviction court's judgment denying relief as to the especially aggravated kidnapping convictions. We further hold that the Court of Criminal Appeals properly affirmed the denial of post-conviction relief on Mr. Moore's convictions for

aggravated rape, aggravated robbery, and aggravated burglary. It appearing that Mr. Moore is indigent, costs of this appeal are assessed to the State of Tennessee.

_____
SHARON G. LEE, CHIEF JUSTICE