IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 17, 2025

## GABRIEL ENRIQUES TURCIOS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. 27206     Jeff D. Rader, Judge**

_____

**No. E2024-01856-CCA-R3-PC**

_____

The Petitioner, Gabriel Enriques Turcios, was convicted of first degree murder and was sentenced to serve life imprisonment without the possibility of parole. Thereafter, he filed a petition for post-conviction relief, asserting that he was denied the effective assistance of counsel at his trial. More specifically, he alleged that his trial counsel (1) failed to timely and adequately raise an insanity defense; (2) failed to challenge the aggravating circumstance for sentencing under Tennessee Code Annotated section 39-13-204(i)(5); and (3) failed to seek suppression of messages exchanged between the Petitioner and the victim. After a hearing, the post-conviction court denied relief, and the Petitioner appealed. Upon our review, we respectfully affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Robert L. Sirianni, Jr., Winter Park, Florida, for the appellant, Gabriel Enriques Turcios.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; James B. Dunn, District Attorney General; and Rolfe Straussfogel, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTUAL BACKGROUND

On June 1, 2020, a Sevier County grand jury indicted the Petitioner for one count of first degree murder.[1] The case arose from an incident where the Petitioner fatally stabbed a coworker, Hannah Dockery, in the parking lot outside the Wilderness at the Smokies resort where they were both employed. *See generally State v. Turcios*, No. E2022-00711-CCA-R3-CD, 2023 WL 3358655 (Tenn. Crim. App. May 11, 2023), *no perm. app. filed*.

In the weeks leading up to the attack, the Petitioner had developed a romantic interest in Ms. Dockery, who declined his advances. On the day of the incident, the Petitioner waited for Ms. Dockery to finish her shift, approached her vehicle, and attacked her with a knife, inflicting approximately sixteen stab wounds. Witnesses heard the victim scream, observed the assault in progress, and contacted authorities. Law enforcement officers arrived at the scene, apprehended the Petitioner, and recovered a knife. The Petitioner later provided a statement to law enforcement, admitting that he had intended to kill the victim. Dr. William Oliver, the forensic pathologist who conducted the autopsy, testified that the nature and number of stab wounds indicated a sustained and violent assault. *See generally id.*

Following a trial conducted in April 2022, the jury found the Petitioner guilty of first degree murder and imposed a sentence of life imprisonment without the possibility of parole. This court affirmed both the conviction and sentence on direct appeal on May 11, 2023, and the Petitioner did not seek further review. *See id.*

## A.    POST-CONVICTION PROCEEDINGS

On March 27, 2024, the Petitioner filed a pro se petition for post-conviction relief in which he asserted that he was denied the effective assistance of counsel during his trial. More specifically, the Petitioner alleged that trial counsel (1) failed to timely and adequately raise an insanity defense; (2) failed to challenge the aggravating circumstance

---

[1]    The Petitioner was also indicted by a Sevier County grand jury for one count of aggravated assault. However, the disposition of the aggravated assault charge was nolle prosequi, and as such, we will not address it.

for sentencing under Tennessee Code Annotated section 39-13-204(i)(5); and (3) failed to seek suppression of Instagram messages exchanged between him and the victim.

The post-conviction court conducted an evidentiary hearing on August 19, 2024, at which the Petitioner's trial counsel testified as the sole witness. Counsel's testimony addressed each of the Petitioner's asserted grounds for relief.

### 1.    Insanity Defense

With respect to the insanity defense, trial counsel testified that he initiated a mental health evaluation shortly after accepting representation. Dr. Andrew Demick conducted the initial forensic mental evaluation but concluded that there was no basis for asserting an insanity defense. Trial counsel then retained Dr. Sidney Alexander, who conducted a second evaluation and diagnosed the Petitioner with paranoid schizophrenia, noting additional concerns such as white matter brain lesions, parasomnia, and cognitive effects related to sickle cell anemia. Dr. Alexander concluded that the Petitioner was suffering from a severe mental disease or defect at the time of the offense. Based on these findings, trial counsel filed a notice of intent to raise the insanity defense on November 15, 2021. Trial counsel later filed an amended notice on April 22, 2022, to include statutory mitigating circumstances under Tennessee Code Annotated section 39-13-204(j).

Trial counsel testified that he pursued the insanity defense throughout the trial and called Dr. Alexander to testify as the defense's primary mental health expert. He acknowledged, however, that Dr. Alexander faced significant difficulty on cross-examination, including reliance on the outdated DSM-III criteria and an inability to connect certain brain abnormalities to the Petitioner's mental condition at the time of the offense. Trial counsel, therefore, did not move for a judgment of acquittal based on insanity, believing the issue was for the jury to resolve. Trial counsel did testify that the trial court issued an instruction to the jury regarding an insanity defense.

At the post-conviction hearing, trial counsel also discussed the verdict form submitted to the jury. He testified that he had not seen the form before its submission and did not recall whether it contained an option for a verdict of not guilty by reason of insanity. Trial counsel did not submit a proposed verdict form or request the inclusion of special verdict options consistent with the Tennessee pattern jury instructions.

### 2.    Sentencing

With respect to sentencing, trial counsel testified that he argued four mitigating circumstances during the penalty phase, including that the Petitioner's mental health and lack of criminal history supported a lesser sentence. He also challenged the State's reliance on the aggravating circumstance in section 39-13-204(i)(5), asserting that the number of stab wounds alone was not sufficient to establish that the murder was "especially heinous, atrocious, or cruel." Nonetheless, the jury imposed a sentence of life imprisonment without the possibility of parole.

### 3.    Instagram Messages

During the trial, the State sought to introduce Instagram messages between the Petitioner and the victim, which were admitted with no objection. At the post-conviction hearing, trial counsel testified that he reviewed the messages during trial preparation and found them relevant to the Petitioner's state of mind. He testified that they were obtained pursuant to a search warrant and were used to support, rather than undermine, the insanity defense. He found no legal basis to seek suppression of the messages and testified that the defense never raised such a challenge at trial or on direct appeal.

## B.    DENIAL OF POST-CONVICTION RELIEF

In a written order filed on November 19, 2024, the post-conviction court denied relief. The court found that trial counsel adequately and diligently pursued an insanity defense based on timely expert evaluations and filings. The court emphasized that the defense was "vigorously" presented to, and rejected by, the jury. The court also concluded that trial counsel was not deficient for failing to provide or review specific verdict forms, particularly given that the jury was properly instructed on the insanity defense.

The post-conviction court further found that trial counsel properly filed and argued mitigating circumstances at sentencing and that the evidence did not support a conclusion of ineffective assistance with respect to either mitigating or aggravating circumstances. Finally, the court found no basis for suppressing the Instagram messages and concluded that trial counsel's strategy in using them to support the insanity defense was reasonable. It also found that the suppression issue was waived due to the Petitioner's failure to raise it on direct appeal.

4

Twenty-three days after the post-conviction court filed its written order, the Petitioner filed a timely notice of appeal on December 12, 2024. *See* Tenn. R. App. P. 4(a).

**STANDARD OF APPELLATE REVIEW**

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this case, the principal issue is whether the post-conviction court properly concluded that the Petitioner failed to establish his claim of ineffective assistance of counsel. As our supreme court has made clear,

> [a]ppellate review of an ineffective assistance of counsel claim is a mixed question of law and fact that this [c]ourt reviews de novo. Witness credibility, the weight and value of witness testimony, and the resolution of other factual issues brought about by the evidence are entitled to a presumption of correctness, which is overcome only when the preponderance of the evidence is otherwise. On the other hand, we accord no presumption of correctness to the post-conviction court's conclusions of law, which are subject to purely de novo review.

*Phillips v. State*, 647 S.W.3d 389, 400 (Tenn. 2022) (citations omitted).

**ANALYSIS**

The Tennessee Post-Conviction Procedure Act provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2018). A post-conviction petitioner has the burden of proving his or her allegations of fact with clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2018). For evidence to be clear and convincing, "it must eliminate any 'serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (quoting *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012)).

As noted above, the Petitioner alleges in this appeal that he was denied the effective assistance of counsel during his trial. Article I, section 9 of the Tennessee Constitution establishes that every criminal defendant has "the right to be heard by himself and his

counsel." Similarly, the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Indeed, "[t]hese constitutional provisions guarantee not simply the assistance of counsel, but rather the reasonably effective assistance of counsel." *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014). Accordingly, a petitioner's claim that he or she has been deprived "of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act." *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016); *see also Howard v. State*, 604 S.W.3d 53, 57 (Tenn. 2020).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that counsel's deficiency prejudiced the defense." *Moore*, 485 S.W.3d at 418-19 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). A petitioner may establish that counsel's performance was deficient by showing that "counsel's representation fell below an objective standard of reasonableness." *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013) (quoting *Strickland*, 466 U.S. at 688). As our supreme court has also recognized, this court must look to "all the circumstances" to determine whether counsel's performance was reasonable and then objectively measure this performance "against the professional norms prevailing at the time of the representation." *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (quoting *Strickland*, 466 U.S. at 688).

"If the advice given or services rendered by counsel are 'within the range of competence demanded of attorneys in criminal cases,' counsel's performance is not deficient." *Phillips*, 647 S.W.3d at 407 (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). Notably, because this inquiry is highly dependent on the facts of the individual case, "[c]onduct that is unreasonable under the facts of one case may be perfectly reasonable under the facts of another." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

In addition, a petitioner must establish that he or she has been prejudiced by counsel's deficient performance such that the performance "render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Kendrick*, 454 S.W.3d at 458 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). In other words, a petitioner "must establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 453 S.W.3d 386, 393-94 (Tenn. 2014) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Howard*, 604 S.W.3d at 58 (quoting *Strickland*, 466 U.S. at 694).

In this appeal, the Petitioner argues that the post-conviction court erred in denying relief on his claims of ineffective assistance of counsel. More specifically, he asserts that trial counsel (1) failed to adequately and timely pursue an insanity defense, including the omission of a proper jury verdict form and the failure to seek a judgment of acquittal based on that defense; (2) failed to effectively challenge the State's proof of an aggravating circumstance at sentencing; and (3) failed to move to suppress Instagram messages exchanged between the Petitioner and the victim.

We address each of these issues in turn.

## A.    INSANITY DEFENSE

The Petitioner first argues that trial counsel rendered ineffective assistance by failing to adequately investigate and present an insanity defense. He contends that counsel did not timely raise the defense, failed to request a jury verdict form allowing for a finding of not guilty by reason of insanity, and did not move for a judgment of acquittal based on that theory. In response, the State asserts that counsel appropriately investigated the defense, retained a qualified expert, filed timely notices, and presented the defense theory through both expert testimony and argument. The State maintains that the jury was properly instructed and that its rejection of the defense reflected a credibility determination, not ineffective advocacy. We agree with the State.

The post-conviction court denied relief, concluding that trial counsel "vigorously" pursued the insanity defense. Contrary to the Petitioner's allegations, the court found that trial counsel "did a very good job of raising this issue and proof" and that the "jury was able to properly hear all the information as to insanity[.]" It further found that the jury received appropriate instructions and that the absence of a specific verdict form did not render trial counsel's performance deficient.

The record supports these findings. Trial counsel testified that he obtained an initial evaluation by Dr. Andrew Demick, who concluded that the Petitioner did not meet the legal criteria for insanity. Trial counsel then retained Dr. Sidney Alexander, who diagnosed the Petitioner with paranoid schizophrenia and identified additional impairments, including white matter brain lesions and parasomnia. Dr. Alexander opined at trial that the Petitioner suffered from a severe mental disease or defect at the time of the offense.

Trial counsel filed a notice of intent to raise the insanity defense on November 15, 2021, and an amended notice on April 22, 2022, asserting statutory mitigating

7

circumstances under Tennessee Code Annotated section 39-13-204(j). At trial, he presented Dr. Alexander's testimony and structured his opening and closing arguments around the theory that the Petitioner could not appreciate the wrongfulness of his conduct. We agree with the post-conviction court that the Petitioner has failed to support his claims of deficient performance with clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f).

As to the jury verdict forms, trial counsel testified that he did not submit a proposed verdict form and did not recall reviewing the one ultimately provided to the jury. The form, admitted as Exhibit 1, included only a finding of guilt. However, the trial court's instructions provided a full and accurate explanation of the insanity defense, the applicable burden of proof, and the possible verdicts available under Tennessee law. The jury's rejection of the defense does not indicate any constitutional deficiency on counsel's part.

Finally, the Petitioner also alleges that trial counsel was deficient for failing to move for a judgment of acquittal based on the insanity defense. Trial counsel testified, however, that no such motion was warranted after the close of the State's proof, and that, even following the defense case, the issue remained one of credibility and fact for the jury to resolve. *See State v. Flake*, 88 S.W.3d 540, 551 (Tenn. 2002) ("The ultimate issue of the defendant's sanity is 'a matter for the trier of fact alone.'" (quoting Tenn. Code Ann. § 39-11-501(c)). Moreover, the Petitioner has failed to establish a reasonable probability that the outcome of his case would have been different had trial counsel moved for a judgment of acquittal. *See Swanier v. State*, No. M2023-00233-CCA-R3-PC, 2024 WL 4143551, at *22 (Tenn. Crim. App. Sept. 11, 2024) (affirming denial of post-conviction relief when petitioner failed to show that the trial court would have granted a motion for judgment of acquittal), *perm. app. denied* (Tenn. Jan. 22, 2025). Accordingly, the Petitioner has not demonstrated that counsel's performance was deficient or that he was prejudiced by the absence of such a motion.

Based on this record, we conclude that the record supports the post-conviction court's finding that trial counsel did not provide ineffective assistance in his representation of the Petitioner on this ground. The Petitioner is not entitled to relief.

## B. AGGRAVATING CIRCUMSTANCE AT SENTENCING

The Petitioner next argues that trial counsel rendered ineffective assistance by inadequately challenging the aggravating circumstance under Tennessee Code Annotated section 39-13-204(i)(5), which applies when "[t]he offense was especially heinous,

atrocious, or cruel, in that it involved torture or serious physical abuse beyond that necessary to produce death." He contends that counsel failed to contest the applicability of this aggravating factor, thereby permitting the State to rely on insufficient or improper evidence to support the jury's imposition of a life sentence without the possibility of parole.

In response, the State argues that trial counsel reasonably addressed the aggravating circumstance throughout the sentencing phase. It contends that counsel filed notice of mitigating circumstances, presented testimony and argument emphasizing the Petitioner's youth, mental illness, and lack of criminal history, and directly argued that the facts of the offense did not rise to the level required by section 39-13-204(i)(5). The State maintains that these efforts were constitutionally sufficient and that the jury's finding was supported by the number and nature of the stab wounds inflicted on the victim. We agree with the State.

A criminal defendant is entitled to the effective assistance of counsel at sentencing. *See Mempa v. Rhay*, 389 U.S. 128, 137 (1967). Although counsel is not constitutionally required to present mitigating evidence, counsel's obligations include reasonably investigating and considering potential mitigating circumstances. *See Goad v. State*, 938 S.W.2d 363, 369-70 (Tenn. 1996). When challenging the sufficiency of an aggravating factor, counsel may rely on mitigating circumstances to diminish its applicability or persuasive weight.

In this case, the post-conviction court found that trial counsel was not ineffective at sentencing. The court credited counsel with filing an amended notice of mitigating circumstances under Tennessee Code Annotated section 39-13-204(j), contesting the (i)(5) aggravator, and presenting evidence of the Petitioner's youth, mental illness, and lack of criminal history.

The record supports these findings. At sentencing, trial counsel emphasized that the Petitioner suffered from schizophrenia, had white matter brain lesions, and exhibited other symptoms consistent with serious mental illness. Counsel also highlighted the Petitioner's youth and absence of any prior criminal convictions. In closing argument, counsel acknowledged the tragic nature of the offense but argued that it did not meet the legal threshold of being especially heinous, atrocious, or cruel. In doing so, counsel used mitigating factors not only as independent grounds for leniency, but also to argue that the aggravating factor either did not apply or should be given little weight.

Finally, at the post-conviction hearing, the Petitioner presented no new mitigating evidence that trial counsel failed to discover or present. Nor did he identify any legal basis upon which counsel could have more effectively challenged the aggravating factor. As such, he has failed to demonstrate either deficient performance or prejudice. *See, e.g.*, *Campbell v. State*, No. E2018-01877-CCA-R3-PC, 2019 WL 5858141, at \*18 (Tenn. Crim. App. Nov. 8, 2019) (denying relief where no mitigating proof or argument was presented at post-conviction hearing), *perm. app. denied* (Tenn. Apr. 16, 2020); *Sanchez v. State*, No. M2017-02253-CCA-R3-PC, 2019 WL 1399880, at \*10 (Tenn. Crim. App. Mar. 27, 2019) (same), *perm. app. denied* (Tenn. July 17, 2019).

Accordingly, we conclude that the record supports the post-conviction court's finding that the Petitioner failed to establish either deficient performance or prejudice. The post-conviction court properly denied relief on this ground.

## C.    SUPPRESSION OF INSTAGRAM MESSAGES

Finally, the Petitioner contends that trial counsel rendered ineffective assistance by failing to seek suppression of Instagram messages obtained by law enforcement during the investigation. He argues that these messages were prejudicial and that their admission allowed the State to establish motive, premeditation, and identity. He does not identify any specific defect in the search warrant or assert that it lacked probable cause. Rather, he claims generally that trial counsel should have filed a motion to suppress and that the failure to do so harmed his defense.

In response, the State argues that the messages were lawfully obtained pursuant to a valid search warrant and that no legal basis existed to suppress them. The State further asserts that trial counsel made a strategic decision to use the content of the messages to support the defense theory that the Petitioner lacked the mental state necessary for first degree murder.

To prevail on a claim that trial counsel was ineffective for failing to file a motion to suppress evidence, a petitioner must satisfy the three-prong test adopted in *Phillips v. State*, 647 S.W.3d 389 (Tenn. 2022). Specifically, the petitioner must prove: "(1) a suppression motion would have been meritorious; (2) counsel's failure to file such motion was objectively unreasonable; and (3) but for counsel's objectively unreasonable omission, there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Id.* at 404 (citation and internal quotation marks omitted). All three

elements must be established for the claim to succeed.  *See id.* at 405 & n.15; *see also Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The post-conviction court denied relief on this ground, finding that the messages were obtained pursuant to a valid search warrant and that the Petitioner had not demonstrated any basis on which they could have been suppressed.  The record supports this finding.  At the post-conviction hearing, trial counsel testified that the Petitioner voluntarily turned over his phone to law enforcement and executed a written consent form authorizing a search of its contents.  Counsel also testified that, despite receiving the Petitioner's consent, the officers obtained a search warrant to ensure the admissibility of the digital evidence.  The Petitioner presented no proof suggesting that the warrant was invalid or that its supporting affidavit lacked probable cause.  Nor did he offer expert testimony or legal argument at the hearing to show how a suppression motion could have succeeded.

Because the record supports the post-conviction court's finding that the Petitioner failed to show that a suppression motion would have been meritorious, he cannot satisfy the first prong of the *Phillips* test.  The Petitioner is not entitled to post-conviction relief on this ground.

## CONCLUSION

In summary, we hold that the post-conviction court properly found that the Petitioner was not denied the effective assistance of counsel during his trial.  Accordingly, because the Petitioner's conviction or sentence is not void or voidable as a result of the violation of a constitutional right, we respectfully affirm the denial of post-conviction relief in all respects.

s/ **Tom Greenholtz**
TOM GREENHOLTZ, JUDGE

11