IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2016

**ALVIN WALLER, JR. v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-14-297     Donald H. Allen, Judge**

—————————

**No. W2016-00265-CCA-R3-PC – Filed November 30, 2016**

—————————

The Petitioner, Alvin "A.J." Waller, Jr., appeals the denial of post-conviction relief for his convictions of especially aggravated kidnapping and aggravated assault. On appeal, he argues that he received ineffective assistance of counsel. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the Petitioner, Alvin Waller, Jr.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; Shaun A. Brown and Alfred L. Earls, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted by a Madison County jury of especially aggravated kidnapping, aggravated assault, and attempted voluntary manslaughter. The trial court merged the attempted voluntary manslaughter conviction into the aggravated assault conviction and sentenced the Petitioner to a sentence of ten years for aggravated assault and thirty years for especially aggravated kidnapping, to be served concurrently. The Petitioner appealed, arguing that the evidence was insufficient to support his convictions. After review, this Court concluded that the evidence was insufficient to support the attempted voluntary manslaughter conviction, but otherwise affirmed the trial court's judgment. State v. Alvin Waller, Jr., No. W2012-02591-CCA-R3-CD, 2014 WL 1168610 (Tenn. Crim. App. Mar. 21, 2014), perm. app. denied (Tenn. Aug. 26, 2014).

The facts underlying the Petitioner's convictions were summarized by this court on direct appeal. Id. at *1-4. In short, in the early morning hours of August 16, 2011, the victim was walking home when the Petitioner drove up and offered her a ride. Id. at *1. The victim had met the Petitioner previously, although she had not seen him in many years, and got into his car. Id. According to the victim, the Petitioner drove them around for about twenty minutes and then they parked and had consensual intercourse in the car. Id. Afterwards, the victim told the Petitioner she was leaving, to which the Petitioner responded that she "wasn't going anywhere." Id. The victim exited the car and stated that she would walk home instead. The Petitioner also exited the car and threatened to shoot the victim unless she got back in the car and had sex with him again. Id. The victim continued to refuse the Petitioner's demands, and after a few minutes, the Petitioner shot her in the forehead. Id. The victim ran from the scene and was eventually taken to the hospital where she was treated and later identified the Petitioner to police as the man who had shot her. Id. at *1-2.

The Petitioner was originally indicted for attempted first degree premeditated murder, aggravated assault and especially aggravated kidnapping. The jury acquitted the Petitioner of attempted first degree murder but found him guilty of the lesser-included offense of attempted voluntary manslaughter as well as aggravated assault and especially aggravated kidnapping. The trial court merged the attempted voluntary manslaughter conviction into the aggravated assault conviction, and the Petitioner filed a motion for a new trial or motion for acquittal challenging the sufficiency of the evidence, which the trial court denied. Id. at *4. The Petitioner appealed to this Court claiming insufficiency of the evidence on all three of his convictions.

On direct appeal, this Court analyzed the Petitioner's kidnapping related conviction pursuant to the Tennessee Supreme Court's decision in State v. White, 362 S.W.3d 559 (Tenn. 2012), specifically concluding that the aggravated assault occurred after the victim attempted to escape the kidnapping and thus "was not incidental to the aggravated assault." State v. Alvin Waller, Jr., 2014 WL 1168610 at *5-7. Because the jury instructions were not provided in the record on direct appeal, and because the Petitioner did not raise any issue regarding the jury instructions, this Court presumed the jury was correctly instructed and proceeded with a sufficiency of the evidence review rather than a harmless error analysis, which is required when the jury is improperly instructed. Id. at *6, n.4. This Court reversed the Petitioner's conviction for attempted voluntary manslaughter but affirmed the Petitioner's remaining convictions for especially aggravated kidnapping and aggravated assault. Id. at *10.

The Petitioner filed a pro se petition for post-conviction relief on November 26, 2014, followed by four amended petitions filed from June 2015 to September 2015. In his petitions, the Petitioner claimed, inter alia, that he received ineffective assistance of

counsel both at trial and on appeal. Specifically, he claimed that counsel was ineffective "in failing to seek an additional special jury instruction on the issue of whether the confinement associated with the kidnapping charge was 'essentially incidental' to the accompanying felony offense of aggravated assault." The jury instructions are now provided in the record for the Petitioner's post-conviction appeal and reflect that the jury was not instructed pursuant to State v. White.

At the January 11, 2016 post-conviction hearing, the Petitioner testified regarding the allegations and legal claims set forth in his petitions for post-conviction relief. The Petitioner did not present any other evidence. Trial counsel testified that he represented the Petitioner at trial and on appeal. Counsel confirmed that standard jury instructions were given by the trial court in Petitioner's case, but gave no further testimony regarding the instructions. On cross-examination, trial counsel agreed that he was familiar with the Tennessee Supreme Court's decision in State v. White and that the White opinion was released before the Petitioner's trial began in September 2012.

After the hearing, the post-conviction court entered a written order denying relief. The court determined that the Petitioner did not prove his allegations by clear and convincing evidence and that the Petitioner failed to show that his attorney's performance was deficient or that any alleged deficient performance prejudiced the Petitioner. In a letter attached to the post-conviction court's order denying relief, the court stated that "[a]fter a careful review of all the evidence in this case, the [c]ourt finds that none of trial counsel's actions or omissions were so serious as to fall below the objective standard of reasonableness under prevailing professional norms" and that counsel's representation was "appropriate" and "he provided [the Petitioner] with reasonably effective assistance." The court did not specifically comment regarding the jury instructions or State v. White. The Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner claims that he received ineffective assistance of counsel due to trial counsel's failure to request a special jury instruction pursuant to State v. White and that, if the jury had been properly instructed, "the Petitioner would have been acquitted of the kidnapping charge." The State contends that the post-conviction court properly denied the petition.

We begin our review by acknowledging that post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

-3-

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

In Vaughn, the Tennessee Supreme Court repeated well-settled principles applicable to claims of ineffective assistance of counsel:

The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted). In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984) and Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [Petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). A petitioner successfully demonstrates prejudice arising from his attorney's deficient performance by establishing "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Goad, 938 S.W.2d at 370 (quoting Strickland, 466 U.S. at 694).

While this Court previously analyzed the Petitioner's case in light of State v. White and the "essentially incidental" standard on direct appeal, we are now charged with determining whether trial counsel's failure to make a written request of the White instruction or to object to the trial court's decision to omit the instruction constituted ineffective assistance of counsel.

In White, the Tennessee Supreme Court concluded that the Tennessee kidnapping statutes were not meant to apply to a removal or confinement of a victim that was "essentially incidental" to the accompanying felony and that this inquiry was a factual question for a properly instructed jury to resolve. State v. White, 362 S.W.3d 559, 576–78 (Tenn. 2012). This is because the "essentially incidental" language in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), which previously informed appellate due process review, was now a part of a material element of kidnapping. White, 362 S.W.3d at 578 ("[W]e are merely providing definition for the element of the offense requiring that the removal or confinement constitute a substantial interference with the victim's liberty."). Accordingly, to protect the defendant's due process rights, trial courts must instruct juries to determine "whether the removal or confinement is, in essence, incidental to the accompanying felony or, in the alternative, is significant enough, standing alone, to support a conviction." Id. at 578. Based on the Tennessee Supreme Court's holding in White, the Tennessee Pattern Jury Instruction Committee adopted a specific jury instruction to guide trial courts. See 7 Tenn. Prac. Pattern Jury Instr. T.P.I.-Crim. 8.01–.03, 8.05 (citing White, 362 S.W.3d at 576–81).

On direct appeal, this Court held that the evidence was sufficient to support the Petitioner's conviction of especially aggravated kidnapping under White's "essentially incidental" standard, specifically finding that:

> [U]nder White, in a case where the defendant is convicted both of a kidnapping offense and of an accompanying felony, an appellate court reviewing the sufficiency of the evidence must determine whether any rational trier of fact could have found beyond a reasonable doubt that the

confinement of the kidnapping offense was not incidental to the accompanying felony but was significant enough in itself to support a conviction.

In this case, after the victim expressed a desire to leave, the [Petitioner] detained her in the vehicle by grabbing her hand and hair. The victim eventually pulled away and exited the vehicle. The [Petitioner] then confronted her with his gun and told her that she would have sex with him again or he would shoot her. Although the victim testified that at first she did not really believe he would shoot, she also indicated that she did not feel free to leave. She testified at one point that "it's like being trapped and not being able to move." The victim "had doubt about whether [she] was going to leave . . . [b]ecause he had the gun." She and the [Petitioner] faced each other a few feet apart outside the vehicle while he pointed a gun at her head. The entire period of detention was between five and ten minutes and ended when the victim, having declared that she was leaving, refused to get back in the car and the [Petitioner] shot her in the head.

The aggravated assault in this case was accomplished when the [Petitioner] shot the victim in the head. We conclude that a rational trier of fact could have found that the especially aggravated kidnapping was not incidental to the aggravated assault. The evidence at trial suggests that the [Petitioner] only shot the victim when it became clear that she would escape; there was no evidence that the detention of the victim was effected in order to accomplish the aggravated assault. The kidnapping was not incidental to the assault; instead, [the] assault occurred as the victim attempted to escape the kidnapping.

We further conclude that, although the detention was of short duration and although the victim was not moved as part of the kidnapping, the evidence is nevertheless sufficient to sustain the conviction. The kidnapping statutes do not require proof of a particular distance or time of detention . . . . The evidence in this case supports the jury's finding that the [Petitioner's] actions substantially interfered with the victim's liberty. . . . We conclude that the evidence was sufficient to sustain the defendant's conviction for especially aggravated kidnapping.

State v. Alvin Waller, Jr., No. W2012-02591-CCA-R3-CD, 2014 WL 1168610, at *6-7 (Tenn. Crim. App. Mar. 21, 2014), perm. app. denied (Tenn. Aug. 26, 2014) (citations omitted).

Here, the State concedes, and the record reflects, that no jury instruction pursuant to State v. White was given at trial. The jury was given standard instructions on the definition of especially aggravated kidnapping and the lesser-included offenses of aggravated kidnapping, kidnapping, and false imprisonment, but was not given instructions regarding the "essentially incidental" requirement for a kidnapping charge with an accompanying felony. Neither trial counsel, in his testimony at the post-conviction hearing, nor the trial court, in its written order denying post-conviction relief, gave any indication why a jury instruction pursuant to State v. White was not given or requested. At the post-conviction hearing, counsel testified that he was aware of the Tennessee Supreme Court's decision in White. Although we acknowledge that State v. White was released only six months prior to the beginning of Petitioner's trial in September 2012, counsel should have, and, in fact was, aware of the decision and its requirement for a special jury instruction.

Even if trial counsel provided deficient performance in failing to request a special jury instruction, we must now determine whether the deficiency resulted in prejudice. Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (citing Strickland, 466 U.S. at 687; Baxter, 523 S.W.2d at 936). The Petitioner summarily claims that he "would have been acquitted of the kidnapping charge based on the appropriate jury instructions being given." However, the Petitioner provides no further factual support or legal authority for his claim of prejudice.

The Tennessee Supreme Court has held that "the analytical framework for the prejudice inquiry at post-conviction mirrors the harmless error inquiry on direct appeal" in an ineffective assistance of counsel case based on an erroneous jury instruction. Moore v. State, 485 S.W.3d 411, 421 (Tenn. 2016) (citing State v. Richmond, 90 S.W.3d 648, 662 (Tenn. 2002)). In Moore, the Court held that the prejudice inquiry turns on "whether a reasonable probability exists" that a properly instructed jury would have reached a different conclusion, given the correct instruction. Id. Because this court has already concluded that the Petitioner's especially aggravated kidnapping conviction was not incidental to his aggravated assault conviction pursuant to State v. White, a reasonable juror would not have found that the Petitioner's convictions were incidental pursuant to White. Although counsel was deficient in failing to request the special jury instruction for Petitioner's kidnapping charges, because the Petitioner suffered no prejudice, he did not receive ineffective assistance of counsel.

## CONCLUSION

Pursuant to the foregoing reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE