IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2018

**EDWARD WILSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 109895   Bobby R. McGee, Judge**

_____

**No. E2017-02232-CCA-R3-PC**

_____

The Petitioner, Edward Wilson, pled guilty to possession of heroin with the intent to sell, possession of cocaine with the intent to sell, and possession of marijuana with the intent to sell and to five misdemeanors, which consisted mainly of traffic offenses, in exchange for an agreed-upon effective sentence of twenty years of imprisonment as a Range II, multiple offender.  He filed a timely post-conviction petition asserting that his trial counsel provided ineffective assistance by failing to inform him that he was pleading guilty to multiple offenses and by failing to litigate a motion to suppress.  The post-conviction court denied relief, finding that the Petitioner had failed to establish either deficiency or prejudice.  After a thorough review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Edward Wilson.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ta Kisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

The record in the instant case does not contain the indictments or technical record from the underlying charges, but we glean from the plea hearing that the Petitioner's pleas arose from offenses committed on three separate dates in 2015. The Petitioner was charged with committing on March 23, 2015, the offenses of driving on a suspended license and violation of the financial responsibility law. The Petitioner was then arrested for simple possession of marijuana, driving under the influence, and driving on a suspended license for offenses occurring on April 18, 2015. On May 1, 2015,[1] the Petitioner's residence was searched pursuant to a warrant, and law enforcement recovered 0.9 grams of heroin, three hundred grams of cocaine, and two hundred grams combined of marijuana wax and marijuana butter. The drugs were packaged for resale.

The Petitioner waived his preliminary hearing and indictment and entered guilty pleas to all eight offenses. The Petitioner pled guilty as a Range II, multiple offender, with a release eligibility percentage of thirty-five percent. He was to be sentenced to twenty years for the heroin conviction, twenty years for the cocaine conviction, and four years for the felony marijuana conviction, and these convictions were to be served concurrently for an effective twenty-year sentence. The Petitioner was sentenced to serve two days in jail for driving under the influence and was assessed a fine for violation of the financial responsibility law. He was sentenced to serve one day in jail for the remaining misdemeanor offenses, and he was ordered to pay certain fines. Because the felonies were committed while the Petitioner was released on bond, the misdemeanor offenses were ordered to be served consecutively to the felonies but concurrently with one another.

At the plea hearing, the prosecutor recited the charges and agreed-upon pleas, including that the Petitioner would be pleading guilty to both the heroin and cocaine charges and that he would be sentenced to twenty years for each, to be served concurrently. The Petitioner affirmed that he understood the rights he was waiving and that he was not being coerced into pleading guilty. The trial court confirmed that the Petitioner understood that his sentences for the felony convictions would be twenty years, twenty years, and four years, served concurrently. The Petitioner stated that he did not have any questions to ask the court, and his pleas were accepted by the court.

---

[1] While the prosecutor stated in her recitation of facts that these offenses occurred on March 1, 2015, she had previously noted that the offenses occurred on May 1, 2015, and the record clarifies that the felony offenses were committed subsequently to the misdemeanors.

The Petitioner subsequently filed a timely post-conviction petition, which was amended by post-conviction counsel. The petition included allegations that the Petitioner's trial counsel provided ineffective assistance by misinforming him that he was only pleading guilty to possession of cocaine when he was in fact pleading guilty to additional charges and by failing to challenge an illegal search.

At the post-conviction hearing, trial counsel testified that he did not expect to receive a plea offer from the prosecutor and that he had examined the search warrant in preparation for the preliminary hearing. Trial counsel felt that the affidavit which was the basis of the warrant was flawed under the *Aguilar-Spinelli* test,[2] and his strategy was to get the law enforcement officer who was the affiant to commit to her testimony at the preliminary hearing so that he could challenge the warrant in a suppression hearing. Trial counsel discussed this strategy with the Petitioner. Trial counsel then spoke with the prosecutor at the scheduled preliminary hearing and informed her generally that he intended to challenge the warrant. After a consultation between the prosecutor and the warrant's affiant, the Petitioner was presented the plea offer in which he would serve an effective twenty-year sentence in exchange for the guilty pleas. The prosecutor further asserted that if the Petitioner refused the offer, she would apply gang enhancements, would amend the misdemeanor marijuana charge to a felony, would seek consecutive sentencing, and would "zone" everything. The Petitioner made two counter-offers, but the prosecutor rejected them.

Trial counsel testified that he felt the prosecutor's offer was an acknowledgement that the warrant may have been flawed. The offer was contingent on the Petitioner's waiving the preliminary hearing and entering the guilty pleas without having the suppression issue determined. Trial counsel felt that the plea offer was a harsher penalty than the Petitioner's actions warranted and that he did not "deserve to sit anywhere 20 years." However, trial counsel also felt that there was some chance that the motion to suppress would fail, in which case the Petitioner would face a considerably higher sentence. His prior experience with the prosecutor led him to believe that she would follow through on her threats to enhance the offenses and sentences, including gang enhancement, which counsel described as being used "rampantly and … inappropriately" at the time.[3] Trial counsel believed the plea agreement had the advantage of giving the Petitioner "a little control over when he gets out."

---

[2] As trial counsel noted, the validity of an affidavit is no longer governed by this test in Tennessee, and courts instead examine whether there is probable cause for the issuance of a warrant under the totality of the circumstances. *State v. Tuttle*, 515 S.W.3d 282, 307-08 (Tenn. 2017).

[3] At the hearing, the Petitioner adamantly denied being a gang member, and trial counsel noted that the plea agreement took place prior to the appellate decision invalidating portions of the gang enhancement statute. *See State v. Bonds*, 502 S.W.3d 118, 157-58 (Tenn. Crim. App. 2016), *perm. app. denied* (Tenn. Aug. 18, 2016).

Trial counsel testified that he explained to the Petitioner that he would be pleading guilty to both the heroin offense and the cocaine offense, which were both Class B felonies. Trial counsel told the Petitioner that while the sentences were concurrent, the convictions were separate convictions, and the Petitioner appeared to understand, asking a lot of "intelligent questions." Trial counsel confirmed that he explained all the charges to which the Petitioner was pleading guilty and the agreed-upon sentences.

The Petitioner testified that trial counsel met with him twice prior to the plea and once more on the night before he entered his pleas. Trial counsel discussed the fact that the search warrant may have been flawed. The Petitioner felt that his ability to contest the charges was hampered by a lack of discovery. He testified that trial counsel did not attempt to suppress the evidence obtained through the warrant. He also testified that trial counsel did not inform him that he could preserve the suppression issue through a certified question and that, had he known of the possibility, he would have appealed the suppression issue by that route. Trial counsel told the Petitioner that he would face a lengthier sentence if he did not accept the plea offer.

The Petitioner testified that he believed he was only entering a guilty plea to the cocaine charge and that trial counsel did not tell him he would also be pleading guilty to the heroin charge and other charges. The Petitioner testified that he had already signed the plea forms prior to the hearing and that they did not include the other charges to which he pled guilty. When the Petitioner attempted to question trial counsel as the charges were read at the plea hearing, the bailiff hushed the Petitioner. The Petitioner did not ask the trial judge about the additional charges because he felt that the plea was already finished when he signed the plea agreement. The Petitioner testified that he would have "fought" the charges had he understood he was pleading guilty to more than the cocaine charge. He acknowledged that he had previously entered a guilty plea in federal court and that he had prior convictions in Delaware and misdemeanor convictions in New Jersey and Georgia. He also acknowledged that at the plea hearing, he stated he understood he was pleading guilty to all the charges and did not have any questions about the plea agreement. He identified the signed plea agreement and agreed that the plea agreement listed all of the conviction offenses and the agreed-upon sentences.

The post-conviction court credited the testimony of trial counsel over that of the Petitioner. The court found that the Petitioner had presented no evidence that a certified question would have been properly dispositive of the issues, and it found that the success of a suppression issue was "purely speculative." The post-conviction court concluded that trial counsel did not perform deficiently and that the Petitioner failed to establish prejudice. The Petitioner appeals.

**ANALYSIS**

On appeal, the Petitioner argues that his pleas should be vacated because trial counsel failed to inform him that he was entering a guilty plea to both Class B felonies and because trial counsel did not adequately litigate the suppression issue. The State responds that the evidence shows that the Petitioner was aware of the terms of the pleas and that the Petitioner has not shown deficiency or prejudice in the failure to litigate suppression.

Under the Post-Conviction Procedure Act, a petitioner is entitled to relief when "the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The burden of proving allegations of fact by clear and convincing evidence falls to the petitioner seeking relief. T.C.A. § 40-30-110(f). The post-conviction court's findings of fact are binding on the appellate court unless the evidence preponderates against them. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). Accordingly, the reviewing court defers to the post-conviction court's findings regarding the credibility of witnesses, the weight and value of witness testimony, and the resolution of factual issues. *Id.* Questions of law and mixed questions of law and fact are reviewed de novo. *Id.* Each element of a claim of ineffective assistance of counsel is a mixed question of fact and law reviewed de novo. *Id.*

Under the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution, the accused is guaranteed the right to effective assistance of counsel. *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016). To prevail on a claim that he was denied his constitutional right to effective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficient performance caused prejudice to the defense. *Kendrick*, 454 S.W.3d at 457 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A claim may be denied for failure to establish either deficiency or prejudice, and the reviewing court need not address both components if a petitioner has failed to establish one. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

"Establishing deficient performance requires showing 'that counsel's representation fell below an objective standard of reasonableness,' which standard is measured by 'professional norms' prevailing at the time of the representation." *Garcia v. State*, 425 S.W.3d 248, 256-57 (Tenn. 2013) (quoting *Strickland*, 466 U.S. at 688). As long as counsel's representation was "'within the range of competence demanded of attorneys in criminal cases,'" counsel will not be deemed to have performed deficiently. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). Deficient performance requires a showing of errors so serious

that "'counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland,* 466 U.S. at 687).

The reviewing court should not second-guess strategic choices or measure counsel's performance by "'20-20 hindsight.'" *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997) (quoting *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982)). In reviewing counsel's professional decisions, a "'fair assessment … requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Goad*, 938 S.W.2d at 369 (quoting *Strickland*, 466 U.S. at 689). There is a presumption that counsel's acts might be "'sound trial strategy,'" and strategic decisions, when made after a thorough investigation, are "'virtually unchallengeable.'" *Felts*, 354 S.W.3d at 277 (quoting *Strickland*, 466 U.S. at 689, 690). The failure of a particular strategy does not establish unreasonable representation. *Cauthern v. State*, 145 S.W.3d 571, 600 (Tenn. Crim. App. 2004). "Deference to counsel's tactical choices, however, applies only if such choices are within the range of competence required of attorneys in criminal cases." *Carpenter v. State,* 126 S.W.3d 879, 887 (Tenn. 2004).

In determining prejudice, the reviewing court must decide if there is "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 694). A reasonable probability is "'a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

The *Strickland* standard for determining whether a petitioner received the ineffective assistance of counsel applies in plea negotiations as well as during trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also Missouri v. Frye*, 566 U.S. 134, 147 (2012). In order to show prejudice in the context of a guilty plea, the petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Grindstaff v. State*, 297 S.W.3d 208, 217 (Tenn. 2009) (quoting *Hill*, 474 U.S. at 59). The inquiry should focus on whether any alleged deficiency affected the outcome of the plea process. *Id.*

The Petitioner initially challenges his pleas based on the claim that he did not understand that he was entering a guilty plea to the heroin charge. He testified that trial counsel did not advise him that the plea agreement included pleading guilty to three felony and five misdemeanor offenses. Trial counsel testified that he explained the terms of the plea agreement to the Petitioner and that the Petitioner appeared to understand, asking "intelligent questions." The Petitioner acknowledged his signature on the plea agreement which listed all the offenses, and he acknowledged that the plea

hearing transcript reflects that he was informed of all the conviction offenses and the sentences attached to each. The Petitioner also argues that trial counsel failed to explain that accepting the plea would involve waiving the suppression issue. However, trial counsel testified that he discussed the terms of the plea with the Petitioner, that the terms included waiving the suppression issue, and that he presented the Petitioner with the option of entering the plea agreement or "fight[ing]" the charges. The post-conviction court made a blanket finding that trial counsel's testimony was credible while the Petitioner's credibility was "impaired," and the post-conviction court's findings are binding on appeal unless the evidence preponderates otherwise. Accordingly, the Petitioner has not demonstrated that trial counsel failed to explain the terms of his plea agreement, and he has accordingly not shown deficiency.

The Petitioner also argues that trial counsel performed deficiently in failing to preserve the suppression issue. The Petitioner testified that he wanted to litigate the legality of the search warrant but that trial counsel failed to do so. The Petitioner further testified that trial counsel did not inform him that it would be possible to plead guilty and still preserve the issue through a certified question. Trial counsel testified that he felt that the search warrant might have been flawed and that he thought the plea offer was an indication that the prosecutor acknowledged a possible flaw in the warrant. According to trial counsel, the plea offer was contingent on the Petitioner's waiving the suppression issue. Trial counsel testified that the prosecutor would not have allowed the Petitioner to litigate the validity of the warrant and still enter into the plea agreement. Trial counsel testified that he discussed the ramifications of the plea with the Petitioner and that while he felt that the sentence under the agreement was harsh, he also thought it was possible that the motion to suppress would be denied, leaving the Petitioner exposed to a much higher sentence. Trial counsel investigated the suppression issue prior to the preliminary hearing and presented the Petitioner with the choice of taking the plea offer or litigating the validity of the warrant. The Petitioner chose to accept the plea offer. The post-conviction court credited trial counsel's testimony, and trial counsel testified that the plea offer was contingent on waiving the suppression issue. Because the abandonment of the suppression issue was part of an informed strategy calculated to give the Petitioner some control over his sentence, the Petitioner has not demonstrated deficiency. *See Felts*, 354 S.W.3d at 277.

Neither has the Petitioner shown prejudice. To demonstrate prejudice, the Petitioner must show a reasonable probability that the outcome of the proceeding would have been altered had counsel pursued the motion to suppress. *See Charles Bradford Stewart v. State*, No. M2015-02449-CCA-R3-PC, 2017 WL 2645651, at *14 (Tenn. Crim. App. June 20, 2017), *perm. app. denied* (Tenn. Oct. 4, 2017); *Adrian Lamont Henry v. State*, No. M2014-00034-CCA-R3-PC, 2014 WL 6872442, at *11 (Tenn. Crim. App. Dec. 5, 2014). Here, while trial counsel testified that in his opinion, the motion to

suppress might have been successful because the warrant might have been flawed under the *Aguilar-Spinelli* test,  the Petitioner has introduced no evidence regarding the possible flaw in the warrant.  Absent any details regarding the motion to suppress, the Petitioner cannot demonstrate a reasonable probability that the motion would have succeeded or that he would not have entered a guilty plea had the suppression issue been litigated. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning, we affirm the judgment of the post-conviction court.


_____
JOHN EVERETT WILLIAMS, JUDGE