IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

**BILLY DEAN SIZEMORE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lewis County**
**No. 2016-CR-19     Deanna B. Johnson, Judge**

**No. M2018-00278-CCA-R3-PC**

The petitioner, Billy Dean Sizemore, appeals the denial of his petition for post-conviction relief, which petition challenged his 2012 conviction of delivery of a controlled substance, alleging that he was deprived of the effective assistance of counsel. Discerning no error, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Cory L. Ricci, Columbia, Tennessee, for the appellant, Billy Dean Sizemore.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Kim R. Helper, District Attorney General; and Sean Duddy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arose from an incident in which the petitioner sold two pills of morphine to Dale Potter, a confidential informant, during a controlled drug transaction monitored by law enforcement. *State v. Billy Dean Sizemore*, No. M2013-01853-CCA-R3-CD, slip op. at 1-2 (Tenn. Crim. App., Nashville, July 15, 2014) (*Sizemore I*), *perm. app. denied* (Tenn. Mar. 12, 2015). This court summarized the evidence on direct appeal as follows:

> [O]n June 2, 2009, Mr. Potter contacted the appellant and asked if he had any pills to sell. The appellant said yes. Mr. Potter informed Agent [Joe] Ashmore about the potential drug buy, and Agent Ashmore equipped him with a recording

device . . . and gave him $60 in order to buy three morphine pills from the appellant. Mr. Potter telephoned the appellant, they agreed to meet on Fite Road, and [Mr. Potter and his wife] went to the meeting place. There, the appellant informed Mr. Potter that he had only two pills to sell because he wanted to keep two pills for himself. Mr. Potter gave the appellant $40, and the appellant gave Mr. Potter two pills. Agent Ashmore listened to and recorded the transaction . . . . After the transaction, Mr. Potter gave the pills and remaining $20 to Agent Ashmore, and TBI testing confirmed that the pills were morphine.

*Id.*, slip op. at 6. The jury convicted the petitioner of delivering a Schedule II controlled substance, and the trial court sentenced the petitioner to 14 years' incarceration as a Range III offender. *Id.*, slip op. at 4. On direct appeal, this court affirmed the petitioner's conviction. *Id.*, slip op. at 12.

The petitioner filed a timely pro se petition for post-conviction relief, and, after the appointment of counsel, he filed an amended petition for post-conviction relief, alleging the ineffective assistance of trial counsel. The State filed an answer to the petitioner's amended petition for post-conviction relief, and the post-conviction court dismissed the petition, denying relief without conducting an evidentiary hearing. On appeal, this court reversed the post-conviction court's decision dismissing the petition and ordered the post-conviction court to conduct an evidentiary hearing. *Billy Dean Sizemore v. State of Tennessee*, M2016-02531-CCA-R3-PC, slip op. at 6 (Tenn. Crim. App., Nashville, Sept. 26, 2017).

At the January 9, 2018 evidentiary hearing, trial counsel testified that he represented the petitioner at trial and on appeal in this case. He recalled filing a motion in limine seeking to exclude from evidence an audio recording of certain statements by the petitioner made during the controlled drug transaction as improper character evidence under Tennessee Rule of Evidence 404. Trial counsel recalled that the trial court granted the motion as to one statement but denied the motion as to the statement, "I got $500 worth yesterday and now I got two left," finding that the statement was "relevant as it relate[d] to intent, motive and telling the jury the full story here." The trial court, however, indicated that it would give a limiting instruction to the jury regarding the proper use of that statement. Trial counsel testified that the State played the audio recording of the petitioner's statement for the jury twice during its case in chief, and he requested a jury-out hearing when he believed the State was going to play the recording a third time. He explained that he requested the jury-out hearing rather than object to the

playing of the recording because he "didn't want to draw attention to it," arguing that the statement was "particularly prejudicial." Trial counsel acknowledged that the State repeated the petitioner's statement twice during its closing argument.

Trial counsel acknowledged that he forgot to request the limiting instruction despite having time to review and discuss the jury instructions and that the trial court failed to include a limiting instruction in its charge to the jury. Trial counsel stated that, had he remembered the need for the limiting instruction, he "wouldn't have asked [the court] to put it in there because [he] didn't want to draw attention" to the petitioner's damaging statement. Trial counsel explained that he did not raise the trial court's failure to give a limiting instruction in the motion for new trial because he forgot about the issue and did not receive the trial transcripts until "maybe a day or two before the hearing." During the hearing on the motion for new trial, trial counsel stated, the trial court noted that the transcript indicated its intention to give a limiting instruction, at which point trial counsel argued the issue during the hearing.

Trial counsel testified that, at the time he moved to exclude the petitioner's statement, he was aware of the strictures of Rule 404(b), specifically that the court must find a prior bad act by clear and convincing evidence. He acknowledged that he did not "specifically remember asking the Judge to say on the record that it was clear and convincing."

During cross-examination, trial counsel explained that his decision to ask the court to prevent the State from playing the petitioner's damaging statement a third time was "absolutely" a tactical decision because he believed the statement was prejudicial to the petitioner and he wished to limit the jury's repeated hearing of the statement. Trial counsel agreed that the court gave him time to review the proposed jury instructions between the first and second days of trial but again acknowledged that he forgot to request a limiting instruction. Trial counsel testified that he raised the trial court's failure to give a limiting instruction on direct appeal because he "felt at that point like [he] pretty much had to" despite failing to properly raise the issue in the motion for new trial.

No other witnesses testified at the evidentiary hearing. At the close of trial counsel's testimony, the post-conviction court took the matter under advisement and issued a written order denying post-conviction relief on January 22, 2018. The post-conviction court found that trial counsel forgot to request a limiting instruction regarding the petitioner's statement from the audio recording, but had he remembered, he would not have requested it to avoid drawing more attention to the statement. The court also found that trial counsel failed to raise the issue of the limiting instruction in the motion for new

trial, but he raised it at the motion for new trial hearing and on direct appeal. The post-conviction court concluded that the trial court made the necessary findings under Rule 404 and that the petitioner failed to prove prejudice on that matter. The court also found that the petitioner failed to show that he was prejudiced by trial counsel's failure to request a limiting instruction because, on direct appeal, this court considered the lack of a limiting instruction and found "no error" because of the strength of the State's case.

In this timely appeal, the petitioner argues that the post-conviction court erred by denying post-conviction relief, asserting that he was deprived of the effective assistance of counsel by trial counsel's failing to request a limiting instruction on the use of the petitioner's recorded statement, failing to ensure that the trial court adhered to the mandatory provisions of Rule 404(b), and failing to raise the lack of a limiting instruction in the motion for new trial. Each of these alleged instances of trial counsel's deficient performance stems from the admission at trial of the following statement made by the petitioner during the recorded drug transaction: "I got $500 worth yesterday and now I got two left."

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Should the

-4-

petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citation omitted), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Here, the petitioner has failed to carry his burden to prove by clear and convincing evidence sufficient facts to support his claim that trial counsel's representation was ineffective. Any error resulting from trial counsel's failing to request a jury instruction limiting the use of the petitioner's statement was harmless in light of the substantial evidence of the petitioner's guilt. In post-conviction proceedings, whether a petitioner has suffered prejudice resulting from his counsel's failure to advocate proper jury instructions depends on "whether a reasonable probability exists" that the jury would have reached a different conclusion had they been properly instructed. *Moore v. State*, 485 S.W.3d 411, 420-21 (Tenn. 2016) (citing *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008)). Here, the jury heard testimony that a confidential informant contacted the petitioner and arranged to purchase some pills. The petitioner sold two morphine pills to the confidential informant during a controlled drug transaction that was monitored and recorded by law enforcement. The jury heard an audio recording of the transaction. With this evidence, it is unlikely that the jury would have reached a different conclusion, even if they had been instructed on the proper, limited use of the petitioner's statement of a prior bad act.

Next, the petitioner argues that trial counsel performed deficiently by failing to ensure that the trial court adhered to the mandatory provisions of Tennessee Rule of Evidence 404(b). Rule 404(b) provides,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:

> (1) The court upon request must hold a hearing outside the jury's presence;

> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence;

> (3) The court must find proof of the other crime, wrong, or act to be clear and convincing; and

> (4) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b).

The post-conviction court specifically found that the trial court "did follow the mandates of Rule 404(b)." On direct appeal, this court found that "the trial court did not err by ruling that the statement was admissible" and that the trial court found the petitioner's prior act by clear and convincing evidence. *Sizemore I*, slip op. at 9; Tenn. R. Evid. 404(b)(3). The petitioner now asserts that the trial court failed to state on the record that it found that the prejudicial effect of the statement did not outweigh its probative value and that trial counsel performed deficiently by failing to ask the trial court to put such a finding in the record. The petitioner argues that, had counsel asked the court to weigh the probative value against the prejudicial effect of the statement on the record, the court would have reached a different conclusion. We disagree.

The petitioner failed to elicit any testimony during the evidentiary hearing regarding trial counsel's failure to ask the trial court to enter into the record an explicit finding weighing the probative value of the statement against its prejudicial effect. Additionally, the trial transcript shows that the trial court considered the admitted statement to be probative of the petitioner's acting knowingly and that the court weighed the probative value and the prejudicial effect of the statement. The trial court differentiated between the admitted statement and a second statement, stating that the second statement "is more prejudicial than probative." *See State v. Electroplating, Inc.*,

990 S.W.2d 211, 223 (Tenn. Crim. App. 1998) ("Although the trial judge did not specifically weigh the probative value of the evidence against its potential prejudicial effect in his findings, his earlier comments indicate that he considered the evidence highly probative and, therefore, the probative value outweighed the unfair prejudice."). Because this court has already found that the trial court admitted the statement in compliance with the conditions of Rule 404(b), *see Sizemore I*, slip op. at 9, and because the record supports the finding of the post-conviction court, the petitioner has failed to show prejudice in this matter.

Finally, the petitioner contends that trial counsel performed deficiently by failing to raise the lack of a limiting instruction in a motion for new trial. Trial counsel testified that he did not raise the issue in the written motion for new trial because he forgot to do so and because he did not receive the trial transcripts until one or two days prior to the motion for new trial hearing. He did, however, argue the issue during the hearing after the trial court noted that the trial transcript indicated that the court intended to give a limiting instruction. As explained above, the petitioner has failed to show that he was prejudiced by the lack of a limiting instruction, and, therefore, has likewise failed to establish prejudice on this claim. In consequence, we need not determine whether counsel performed deficiently by failing to include the issue in the motion for new trial. *See Strickland*, 466 U.S. at 697.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE