IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2025

## QUINCY COLLINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
No. C-23-116        Joseph T. Howell, Judge

_____

**No. W2025-00657-CCA-R3-PC**

_____

The Petitioner, Quincy Collins, appeals from the Madison County Circuit Court's denial of his petition for post-conviction relief, arguing he received the ineffective assistance of counsel due to trial counsel's failure to challenge the sufficiency of the convicting evidence in the Petitioner's direct appeal. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., JJ., joined.

J. Collin Morris, Jackson, Tennessee, for the appellant, Quincy Collins.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.    FACTUAL AND PROCEDURAL HISTORY

#### A. TRIAL

In February 2020, a Madison County Grand Jury returned a six-count indictment charging the Petitioner with attempted first degree premeditated murder, aggravated assault, especially aggravated robbery, employment of a firearm during the commission of a dangerous felony, possession of a firearm by a convicted felon, and employment of a firearm during the commission of a dangerous felony by a convicted felon, following his

shooting the victim, Jessica Graves. *State v. Collins*, No. W2020-01566-CCA-R3-CD, 2022 WL 1183803, at \*1 (Tenn. Crim. App. Apr. 21, 2022), *no perm. app. filed*.

The evidence adduced at the Petitioner's August 2020 trial established that during the early morning hours of September 7, 2019, the Petitioner went to the victim's home, woke her, and asked if he could sleep there. *Id*. at \*3. Although the Petitioner and the victim had recently ended their romantic relationship, the victim nevertheless allowed the Petitioner to sleep on her couch. *Id*. The victim woke the Petitioner around 5:30 a.m. to tell him he needed to go to work. *Id*. Shortly thereafter, the Petitioner entered the victim's bedroom, shot her in her chest and chin, and stole her purse, car keys, cell phone, and 9-millimeter pistol. *Id*. The victim pretended she was dead until she was sure the Petitioner was gone, and then sought help from her neighbor, who, in turn, called 9-1-1. *Id*. at \*4.

The Petitioner surrendered himself to the Jackson Police Department on September 10, 2019, and was interviewed by Sergeant Nick Donald. *Id*. at \*1, \*4. A recording of the Petitioner's interview, in which he confessed to shooting the victim and taking her purse, keys, cell phone, and firearm, was played for the jury. *Id*. at \*4. The jury convicted the Defendant as charged, and the trial court imposed an effective sentence of thirty-one years' incarceration following a sentencing hearing. *Id*. On direct appeal, the Petitioner argued (1) the trial court erred by denying his motion to suppress his post-arrest statement to the police; (2) the firearm recovered based upon his statement should have been suppressed; (3) the trial court erred by instructing the jury on flight; and (4) his convictions of attempted first degree premeditated murder and aggravated assault violated principles of double jeopardy. *Id*. at \*1. This court affirmed the Petitioner's convictions, and the Petitioner did not seek permission to appeal to the Tennessee Supreme Court. *Id*. at \*1, \*13.

## B. POST-CONVICTION PROCEEDINGS

On April 28, 2023, the Petitioner filed a timely[1] *pro se* petition for post-conviction relief in which he alleged he received the ineffective assistance of counsel and that the

---

[1] As relevant here, the Post-Conviction Procedure Act requires that a post-conviction petition be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). Timely filing of a petition for post-conviction relief is jurisdictional. Tenn. Code Ann. § 40-30-102(b). However,

> If a paper required or permitted to be filed pursuant to the rules of criminal procedure is prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and is not received by the court clerk until after the deadline for filing, the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing.

evidence adduced at trial was insufficient to sustain his convictions, among other claims. The State responded and moved to dismiss the petition on May 2, 2023. On May 17, 2023, the post-conviction court entered a preliminary order finding that the petition raised a colorable claim for post-conviction relief, appointing counsel with instructions to file within thirty days either an amended petition or a notice stating that no amended petition would be filed, and scheduling an evidentiary hearing. The record includes neither an amended petition filed with the assistance of counsel nor a notice that no such petition would be filed. The Petitioner thereafter sought the substitution of post-conviction counsel, which the post-conviction court granted on February 4, 2024. The Petitioner subsequently filed a *pro se* amendment to his post-conviction petition on April 7, 2025, reiterating his claims of ineffective assistance of counsel.

The post-conviction court held an evidentiary hearing on April 21, 2025.[2] Trial counsel testified that he worked as an Assistant District Public Defender and represented the Petitioner throughout his pretrial matters, at trial, and at the hearing on his motion for a new trial. Trial counsel recalled that the Petitioner had originally been charged with attempted first degree premeditated murder, aggravated assault, and especially aggravated robbery, and that during plea negotiations with the State, the Assistant District Attorney General "noticed" that certain firearm charges had been omitted from the original indictment. Trial counsel testified that the State indicated it would refrain from seeking a reindictment that would include the omitted firearm charges if the Petitioner agreed to enter a blind plea to the original charges. Trial counsel averred that he informed the Petitioner of the State's plea offer and that the Petitioner refused it. The Petitioner was subsequently reindicted and proceeded to trial on a six-count indictment, which included his previous charges along with charges of employment of a firearm during the commission of a dangerous felony, possession of a firearm by a convicted felon, and employment of a firearm during the commission of a dangerous felony by a convicted felon.

Trial counsel testified that he argued at trial that the Petitioner shot the victim in an act of self-defense. He recalled that "there was also some allegation" that the Petitioner was uncertain as to whether the victim "may have been actually going for some type of weapon" in the moments immediately preceding the shooting. He further recalled that the

_____

Tenn. R. Crim. P. 49(d)(1); *see also* Tenn. Sup. Ct. R. 28 § 2(G). This court affirmed the Petitioner's convictions on April 21, 2022, and the record indicates that the Petitioner placed his petition for post-conviction relief in the mail on April 20, 2023, rendering his petition for post-conviction relief timely filed.

[2] The court notes that Tennessee Code Annotated section 40-30-109(a) requires that an evidentiary hearing be scheduled within four calendar months or the court's order setting the hearing. This deadline may be extended only by order of the court due to manifest necessity and may not exceed 60 days. The record does not reflect why the originally scheduled hearing date of July 17, 2024, was continued until April 2025.

Petitioner informed him that the victim had pointed a firearm at him during a previous encounter. Trial counsel believed the trial court included an instruction on self-defense in its final jury instructions. He testified that his alternative theory of the case was that the Petitioner was not in a "clear-minded state" when he shot the victim and may have "react[ed] out of anger or something" following an argument. Trial counsel was unsure if he "necessarily really argued against aggravated assault," and he did not recall his specific argument against the State's proof regarding the charge of especially aggravated robbery.

Trial counsel testified that he filed a motion for a new trial following the Petitioner's convictions in which he argued, among other issues, that the evidence was insufficient to sustain the Petitioner's convictions of attempted premeditated first degree murder, aggravated assault, and especially aggravated burglary. Trial counsel stated that after the Petitioner's motion for a new trial was denied, he informed the Petitioner that he would prepare a notice of appeal and would submit a request to the appellate division of the Public Defender's Conference to handle the Petitioner's appeal. He stated that this request included a list of the issues raised in the Petitioner's motion for a new trial. Trial counsel testified that he informed the Petitioner that, once the request was approved, he would receive a notice from the appellate division identifying his appellate counsel.

Trial counsel further testified that although the Petitioner was represented by the appellate division of the Public Defender's Conference, he did not personally represent the Petitioner on appeal. Trial counsel stated that while his request for the appellate division's assistance in handling the Petitioner's appeal included a list of the issues raised in the Petitioner's motion for a new trial, that request did not serve to "limit" or "dictate" the issues to be raised on appeal. He testified that the appellate division determined which issues to raise on appeal and that he neither discussed appellate issues with the Petitioner nor suggested which arguments were strongest to the appellate division. He stated that it would have been the role of appellate counsel, rather than trial counsel, to discuss and determine the issues presented for appellate review with the Petitioner.

Trial counsel agreed that appellate counsel did not challenge the sufficiency of the convicting evidence on appeal. While trial counsel averred that he did not believe the evidence was sufficient to sustain the Petitioner's convictions, he reiterated that he deferred to the appellate division's expertise regarding issues to be presented for appellate review. He stated that he "may have" reviewed a "courtesy copy" of the Petitioner's appellate brief, but he was unsure of whether he received that copy before or after it was filed.

On cross-examination, trial counsel reiterated that determining the issues to be raised on appeal was a matter of appellate strategy determined by the Petitioner's appellate counsel. He also described the Petitioner as "cordial" and "respectful" and stated they had no problems throughout the course of his representation.

The parties declined to present additional proof or arguments following trial counsel's testimony. At the conclusion of the evidentiary hearing, the post-conviction court accredited trial counsel's testimony and denied post-conviction relief. Specifically, the post-conviction court found that trial counsel was appointed to represent the Petitioner "as an employee of the District Public Defender's Office" and had "no problems communicating" with the Petitioner prior to or during the trial. The post-conviction court further found that trial counsel informed the Petitioner after his motion for a new trial was denied that he would, thereafter, be represented by appellate counsel from the appellate division of the Public Defender's Conference, who would, in turn, be responsible for addressing the issues to be raised on appeal. The post-conviction court also found that although appellate counsel did not challenge the sufficiency of the convicting evidence on appeal, the Petitioner had failed to present any proof that such a challenge would have been successful if raised. Accordingly, the post-conviction court concluded that the Petitioner did not receive the ineffective assistance of counsel.

The post-conviction court entered a written order denying post-conviction relief on May 2, 2025, reiterating its findings of fact and conclusions of law. This timely appeal followed.

## II.    ANALYSIS

On appeal, the Petitioner argues he received the ineffective assistance of counsel due to trial counsel's "failure to file an appeal" which presented the issues identified in his motion for a new trial for appellate review. The State responds that the Petitioner's arguments are waived for appellate review due to inadequate briefing and, in any event, the post-conviction court appropriately denied relief. We agree with the State.

The Post-Conviction Procedure Act provides relief only when the petitioner's "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. In a post-conviction proceeding, the petitioner has the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Tenn. S. Ct. R. 28, Sec. 8(D)(1). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them, *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (citations omitted), while its application of the law to those factual findings and the conclusions drawn therefrom are

reviewed *de novo* with no presumption of correctness, *Holland v. State*, 610 S.W.3d 450, 455 (Tenn. 2020) (citations omitted).

Both the Constitution of the United States and the Constitution of Tennessee provide the criminal defendant the right to the effective assistance of counsel. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."); Tenn. Const. art. 1, § 9 ("That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel[.]"); *see also Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). To succeed on a claim of ineffective assistance of counsel, the post-conviction petitioner must prove, and the record must affirmatively establish, both that counsel performed deficiently and that this deficient performance adversely impacted the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 693 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "A court need not address both prongs if the petitioner fails to demonstrate either one of them." *Davidson*, 453 S.W.3d at 393. Each element of the *Strickland* analysis of an ineffective assistance of counsel claim is a mixed question of law and fact that this court reviews *de novo*. *Phillips v. State*, 647 S.W.3d 389, 400 (Tenn. 2022) (citing *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009)); *Kendrick*, 454 S.W.3d at 457.

Deficient performance is that which, in consideration of "all the circumstances" and the prevailing professional norms at the time of counsel's representation, falls below an objective standard of reasonableness. *Id*. (quoting *Strickland*, 466 U.S. at 688). We defer to counsel's strategic and tactical decisions, even if such decisions were unsuccessful or harmful to the defense, so long as they were "informed ones based upon adequate preparation." *Moore v. State*, 485 S.W.3d 411, 419 (Tenn. 2016) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). In other words, so long as counsel's decisions are made after adequate preparation, this court "will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings." *Berry v. State*, 366 S.W.3d 160, 172-73 (Tenn. Crim. App. 2011). Thus, a petitioner who alleges ineffective assistance of counsel must, through clear and convincing evidence, overcome the strong presumption "that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted).

The post-conviction petitioner must also prove that counsel's deficient performance affected the outcome of his or her trial; that is, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is that which is "sufficient to undermine confidence in the outcome" of the trial. *Id*. Accordingly, "a petitioner must establish that counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." *Mobley v. State*, 397 S.W.3d 70, 81

(Tenn. 2013) (internal quotation marks omitted) (quoting *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008)).

As a preliminary matter, we address the State's argument that the Petitioner has waived appellate review of his claim of ineffective assistance of counsel due to inadequate briefing. The basic rules of this court require an appellant to present a brief which sets forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." Tenn. R. App. P. 27(a)(7)(A). The Petitioner's appellate brief contains three paragraphs of argument, the first two of which contain general statements of the law regarding appellate procedure, the Post-Conviction Procedure Act, and claims of ineffective assistance. The following paragraph presents, with no further citations to either the law or the record, conclusory arguments alleging he was prejudiced by trial counsel's "failure to file an appeal" presenting for appellate review the issues identified in his motion for a new trial. While this argument perhaps pertains to the omission of a challenge to the sufficiency of the evidence in the Petitioner's direct appeal, as argued during the evidentiary hearing, the Petitioner does not specifically characterize it as such a claim or explain why such a claim requires appellate relief. We decline his apparent invitation to craft his argument for him. *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); *see also State v. Bonds*, 502 S.W.3d 118, 144 (Tenn. Crim. App. 2016) (holding that this court will "refuse to speculate about which pieces of evidence [an appellant] may find objectionable" where the appellant's brief "fails to specifically identify which evidence he deems improper" and makes only a "general complaint"). Simply put, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility*, 301 S.W.3d 603, 615 (Tenn. 2010).

Waiver notwithstanding, the Petitioner has failed to establish any deficiency resulting from trial counsel's "failure to file an appeal" presenting for appellate review the issues identified in his motion for new trial. The post-conviction court found that trial counsel, an Assistant District Public Defender, represented the Petitioner throughout his pretrial matters, at trial, and at the hearing on his motion for a new trial. After the trial court denied the Petitioner's motion for a new trial, trial counsel filed a request for the appellate division of the Public Defender's Conference to handle the Petitioner's appeal and informed the Petitioner that he would no longer represent him. The appellate division, thereafter, represented the Petitioner on appeal. The record does not preponderate against these findings of fact. The Petitioner's argument that trial counsel rendered deficient

performance by failing to raise certain issues on appeal is, accordingly, misplaced. Without opining on the merits of his argument, we note that the Petitioner's argument would be more appropriately addressed to appellate counsel, not trial counsel; however, appellate counsel was not called as a witness at the evidentiary hearing. *See James v. State*, No. W2025-00021-CCA-R3-PC, 2025 WL 2247120, at *4 (Tenn. Crim. App. Aug. 7, 2025) (rejecting a petitioner's claim of ineffective assistance based upon trial counsel's failure to challenge the sufficiency of the convicting evidence on appeal because "trial counsel was not the attorney of record for [the p]etitioner's appeal, and [the p]etitioner has not proven that trial counsel had any authority regarding which issues to raise on appeal"), *perm. app. denied* (Tenn. Oct. 9, 2025).

Moreover, the Petitioner has also failed to establish prejudice resulting from trial counsel's actions. When a petitioner seeking post-conviction relief asserts he or she received the ineffective assistance of counsel due to counsel's failure to present certain issues on appeal, he or she bears the burden of establishing that the omitted issues were meritorious. *Carpenter v. State*, 126 S.W.3d 879, 887 (Tenn. 2004). The Petitioner, however, has presented neither evidence nor argument to suggest that the allegedly omitted issues were meritorious and would have led to a different result on appeal if they had been raised. The post-conviction court appropriately denied relief.

## III.   CONCLUSION

Following our review of the record and based upon the foregoing analysis, we affirm the judgment of the post-conviction court.

s/ *Steven W. Sword*
_____
STEVEN W. SWORD, JUDGE